**Louis GONZALES, et al., Plaintiffs,**

v.

**Faye BROWN, et al., Defendants.**

**Civ. A. No. H–88–1442.**

United States District Court,
S.D. Texas,
Houston Division.

May 23, 1991.

Beatrice Mladenka–Fowler, Nelson, Locke & Fowler, Houston, Tex., for plaintiffs.

**582**

Jeffrey Davis, Dotson, Babcock & Scofield, Jeffrey Horner, Bracewell & Patterson, Richard Hightower, Brown, Maroney & Oaks Hartline, Houston, Tex., for defendants.

## ORDER

NORMAN W. BLACK, District Judge.

Plaintiffs, eight students at Virgil Grissom Elementary School and their parents, filed suit against Faye Brown, a teacher at Grissom; the Houston Independent School District ("HISD"); members of the school board; and HISD administrators claiming that Defendants violated their constitutional rights by Brown's alleged verbal and physical abuse of the students. Defendants filed motions for summary judgment and motions to dismiss.

On August 6, 1991, the Court granted in part Defendants' motion, which the Court treated as a motion for summary judgment, and denied the motion in part. In light of the Court's ruling, there are two remaining claims in the case. Plaintiffs' claim against Defendants, the Houston Independent School District and Faye Brown, under 42 U.S.C. § 1983 and Plaintiffs' state law tort claims. The Court ruled that issues of material fact exist concerning the § 1983 claim, and the Court failed to address the state law claims. Pending before the Court is Defendant HISD's motion for summary judgment on the remaining claims.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Supreme Court has stated the test for determining whether Plaintiffs are entitled to recover against HISD as follows: "It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1987). The Fifth Circuit has stated the rule as follows: "A municipality may not be held liable under § 1983 absent a causal connection between its actions or inactions and the constitutional deprivations visited upon the plaintiff." *Berry v. McLemore*, 670 F.2d 30 (5th Cir.1982).

Courts have clarified the meaning of the test by defining "policy maker," "policy," and "custom." In Texas, the School Board, which possesses the power to manage and govern the schools by adopting such rules, regulations, and bylaws as they deem proper, is a policy maker for purposes of this suit. TEX.EDUC. CODE § 23.26(d). "Policy" means regulations, bylaws, or ordinances officially adopted by the school district's governing body or high ranking officials who have been delegated policymaking authority in specific areas by the governing body. "Custom" refers to "persistent and widespread practices" or "practices that are permanent and well settled and deeply imbedded traditional ways of carrying out policy." *Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir.1984). The Fifth Circuit has also stated that "sufficient duration or frequency of abusive practices, or other evidence, must warrant a finding of knowledge on the part of the governing body that the objectionable conduct has become the customary practice of city employees." *Id.* at 768.

Plaintiffs allege that Brown disciplined students by forcing them to eat potato chips off the floor, striking them, throwing shoes, chalk, and erasers at them, and blowing whistles in their ears. Defendant argues and provides evidence which shows that none of the acts which Plaintiffs attribute to Brown comport with HISD policy concerning discipline. Fur-

ther, Defendant argues that there are no facts indicating that Plaintiffs' complaints were caused by the implementation of HISD custom. Plaintiffs admit that they do not complain of the actions of any District teacher other than Brown, and Brown is the only District teacher included as a defendant in this lawsuit. Thus, there is no evidence in the record of widespread abusive conduct by teachers throughout the District.

However, Plaintiffs' claim is that Defendant violated their rights by retaining Brown despite her abusive tactics. Plaintiffs describe the "policy or custom" at issue in this case as follows: "HISD likewise has a policy which discourages complaints or discipline of teachers suspected of being abusive to students by encouraging transfers rather than firing a teacher found to be abusive." In support of this claim, Plaintiffs state that although Grissom's principal at the time, Finch, allegedly had problems with Brown, her request to have Brown transferred was denied until long after the May 5, 1985 incident. Brown was initially disciplined in 1981 for mistreatment of her students at Briscoe Elementary, another HISD school. According to Plaintiffs, despite the Briscoe Principal's decision to terminate Brown, Gaines, the Deputy Superintendent, reinstated her and transferred her to Grissom.

In addition, Plaintiffs state that the school principal, area superintendent, and deputy superintendent all had knowledge of Brown's alleged abusive conduct both before and after the incident which led to the filing of this lawsuit. Plaintiffs cite the deposition testimony of Finch in support of their argument that the District ignored and covered up Brown's conduct rather than discipline her. In her testimony concerning the investigation of the March 5, 1985 incident, Finch states that "serious investigation of this incident was taken because this was the second time that a parent in Mrs. Brown's class has complained of this kind of punishment." Further, Finch testifies that only after the parents of several children complained about Brown and pressured the district for results, a formal reprimand was issued.

The issue before the Court is whether Plaintiff has presented evidence showing that HISD had a "policy or custom" of retaining teachers who engage in abusive disciplinary tactics, by transferring the teachers instead of firing them and by discouraging complaints about teachers. The Court finds that Plaintiffs have failed to present any evidence showing that HISD had such a policy. Defendant attaches copies of HISD policies and procedures relating to both student discipline and to employee treatment and discipline. These documents reflect that HISD policies allow for the termination of employees for reasons such as immorality and physical violence and permit only certain types of discipline of students by teachers.

Further, Plaintiffs have failed to present evidence showing that HISD had a custom of retaining teachers who engage in abusive disciplinary measures. The evidence before the Court reveals that Brown was transferred from another school following a similar incident at her former school and that two or more complaints were received at Grissom before the school issued a reprimand. There is no evidence that HISD's treatment of Brown reflected a *widespread or persistent practice* within the District.

Because there are no material facts in dispute and Defendant is entitled to judgment as a matter of law, it is the Court's opinion that Defendant's motion for summary judgment should be granted on Plaintiffs' § 1983 claim.

■ Defendant requests that the Court grant summary judgment on Plaintiffs' state law claims pursuant to the governmental immunity doctrine. In Texas, because school districts are state agencies, the District is immune from suits grounded in negligence. *Hopkins v. Spring Branch Independent School District*, 736 S.W.2d 617 (Tex.1987). The District is immune from suits alleging tortious conduct by employees performing governmental functions unless expressly waived by the provisions of the Texas Tort Claims Act. In addition, the Tort Claims Act expressly provides that it does not apply to a claim

arising out of assault, battery, false imprisonment or any other intentional tort. TEX. CIV.PRAC. & REM.CODE § 101.057(2). Because HISD is immune from suits alleging claims of negligence, negligent infliction of emotional distress, and assault, Plaintiffs' state law tort claims should be dismissed.

For the reasons stated above, it is hereby ORDERED that HISD's motion for summary judgment is GRANTED. Plaintiffs shall not recover the requested damages from Defendant HISD. It is further

ORDERED that Defendants' motion for leave to file a reply to Plaintiffs' response (entry 86) is DENIED.