■ FRANCES OSTROWSKI, Individually, and as Guardian ad Litem of BARBARA P. OSTROWSKI, an Infant, Appellant, v. BOARD OF EDUCATION OF COXSACKIE-ATHENS CENTRAL SCHOOL DISTRICT et al., Respondents.— HERLIHY, J. Appeal by the plaintiff from so much of an order of the Supreme Court as set aside a jury verdict in her favor against the defend-

ant Board of Education and granted a new trial; cross-appeal by the Board of Education from so much of the said order as denied its motions for entry of judgment in its favor, such motions having been made at the close of the plaintiff's case, the entire case and after the verdict of the jury; cross-appeal by the defendant Monnat from so much of the said order as set aside the verdict of no cause of action in her favor and granted a new trial. It appears that on or about January 16, 1963 Barbara Ostrowski was a student in a high school under the control of the defendant Board of Education. On the day in question she performed certain bodily exercises under the supervision of her physical education teacher, the defendant Monnat. While performing one of the exercises known as the "knee walk" she noticed a dull ache and tiredness in her left knee. After completing the knee walk she undertook an exercise known as the "inch worm" and while performing this exercise she felt a sharp pain in her left side and collapsed sideways upon the floor. After collapsing, the pain seemed localized in her left knee. The actions against the defendants were commenced to recover damages for injury allegedly incurred as a result of those exercises to her left knee on January 16, 1963. The record presented a question of fact for the jury as to any negligence on the part of the teacher, Monnat, and the jury verdict of no cause for action as against Monnat is not against the weight of the evidence nor is there any erroneous legal ruling or charge of the trial court and it should not have been set aside. From the record as a whole there was no proof of any failure of adequate supervision which could have caused this injury. The finding of the jury of no negligence as to Monnat ruled out any liability on the part of the board on the basis of *respondeat superior*. As recognized by the trial court, the only way in which the board could have been found liable would have been by breach of some duty it owed to the student. There was no proof of inadequate supervision; of defective premises, or of faulty equipment. The court charged subdivision 2 of section 1709 of the Education Law to the jury, to which the defendant excepted. This statute requires the board to establish rules and regulations concerning the *order and discipline* of the several departments of the school. Upon the present record the court, as it recognized in its decision on the motions herein, determined that there was no requirement to charge this statute since *order and discipline* were not involved as a matter of law. (See *Luce* v. *Board of Educ. of Vil. of Johnson City,* 2 A D 2d 502, 505, affd. 3 N Y 2d 792.) Subdvisions 13 and 3 of said section 1709 were also inapplicable to the present case for the same reason. Subdivision 16 of said section 1709 should not have been charged by the court as to supervision upon the facts in this case and also there was no dispute that the teacher, Monnat, was a qualified teacher. It appears without doubt that the trial court was correct in setting aside the verdict against the board. Upon the present record, we find no necessity for granting a new trial in the interests of justice since the jury has already passed upon the legitimate factual issues in this case, and it does not appear that the charge of the court, assuming it was erroneous, could have had any effect upon the decision of such issues. As a matter of law the verdict should have been set aside, there being no evidence of any violation of a statutory duty by the Board of Education, the theory of *respondeat superior* having been negated by the verdict of no cause of action as to the teacher Monnat. The time-honored cliche, *the mere happening of an accident is not negligence,* is applicable to the present facts. Order modified, on the law and the facts, so as to delete the provisions thereof that the verdict in favor of defendant Monnat be set aside, that a new trial be had against both defendants and that the cause be returned to the Trial Calendar; and so as to provide that the motions

to set aside the verdict in favor of defendant Monnat be granted and that the complaint be dismissed as to both defendants; and, as so modified, affirmed, wthout costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.