FIRST FARMERS AND MERCHANTS )
NATIONAL BANK OF COLUMBIA, )
a national banking association with )
its principal office in Columbia, )
Maury County, Tennessee, )
)
      Plaintiff/Appellee, )    Appeal No.
)    01-A-01-9608-CV-00381
VS. )
)    Maury Circuit
BURT BROTHERS FURNITURE CO., )    No. 6746
INC., WILLIAM W. HARDISON, SR., )
and DOROTHY M. HARDISON, )
individually, and d/b/a Burt )
Brothers Furniture Co., Inc., )
)
      Defendants/Appellants. )

FILED

April 30, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF MAURY COUNTY
AT COLUMBIA, TENNESSEE

THE HONORABLE JIM T. HAMILTON, JUDGE

THOMAS H. PEEBLES, IV
WALLER LANSDEN DORTCH & DAVIS
809 South Main Street, Suite 300
P. O. Box 1035
Columbia, TN 38402-1035
    Attorney for Plaintiff/Appellee

DELILAH A. SPEED
P. O. Box 973
Columbia, Tennessee 38402
    Attorney for Defendant/Appellant

AFFIRMED AND REMANDED




BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# O P I N I O N

The primary question in this case is whether a wife's guaranty of her husband's debts covers debts for which he later became obligated as a guarantor. The Circuit Court of Maury County granted summary judgment against the wife. We affirm.

## I.

On July 14, 1994, William W. Hardison, Sr., president and sole stockholder of Burt Brother Furniture Co., Inc. in Columbia, renewed a note on behalf of his company payable to the First Farmers & Merchants National Bank. The bank held Mr. Hardison's guaranty and one signed by his wife, Dorothy M. Hardison, on June 9, 1989. The guaranties are identical except that Mr. Hardison secures the debts of Burt Brothers and Mrs. Hardison's secures the debts of her husband.

The first two paragraphs of Mrs. Hardison's guaranty state:

> FOR VALUE RECEIVED and for the purpose of enabling William W. Hardison, Sr. of Columbia, TN (hereinafter "Debtor"), to obtain credit from First Farmers and Merchants National Bank of Columbia, Tennessee, (hereinafter called "bank"), the undersigned hereby guarantees prompt payment at maturity, or at any other time thereafter, of any and all indebtedness or obligations upon which Debtor now is or may hereafter at any time become obligated or bound to said bank either as principal or endorser, whether said obligations arise by loans, overdraft, or other extensions of credits made by and with the consent of Debtor and we agree to pay all costs and expenses incurred by said bank in enforcing this guaranty, including a reasonable attorney's fee.
>
> It is understood and agreed that this guaranty is and shall be continuing in nature; that this guaranty guarantees the performance of all present and future obligations of Debtor; that no additional writing or guaranty shall be required of guarantor at the time Debtor

incurs future obligations; and that this guaranty will obligate guarantor on all future obligations of Debtor.

When Burt Brothers defaulted on the note, the bank sued the company and Mr. and Mrs. Hardison. Mrs. Hardison admitted signing the 1989 guaranty but asserted that her guaranty covered only those obligations that Mr. Hardison incurred as a principal or endorser, not as a result of his own guaranty. The court granted the bank's motion for summary judgment.

## II.

We agree that the language of Mrs. Hardison's guaranty covers the obligations of Mr. Hardison arising from his guaranty of Burt Brothers' debts. The guaranty is very broad in its terms. While the first paragraph does refer to Mr. Hardison's liability as principal or endorser, the second paragraph "guarantees the performance of all present and future obligations" of Mr. Hardison. In Tennessee the words of a guaranty agreement are to be taken as strongly against the guarantor as the sense will admit. *Hickory Springs Mfg. Co., Inc. v. Evans*, 541 S.W.2d 97 (Tenn. 1976); *Taylor v. Ross*, 736 S.W.2d 614 (Tenn. App. 1987). Therefore, the guaranty covers the obligation Mr. Hardison now has to the bank as a result of his own guaranty.

There are no disputed issues of fact and the bank is entitled to a judgment as a matter of law.

We affirm the judgment of the trial court and remand this cause to the Circuit Court of Maury County for any further proceedings necessary. Tax the costs on appeal to Mrs. Hardison.

_____
BEN H. CANTRELL, JUDGE


CONCUR:



_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____
SAMUEL L. LEWIS, JUDGE