OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 25, 2002

The Honorable Frank Madla  
Chair, Intergovernmental Relations Committee  
Texas State Senate  
P.O. Box 12068  
Austin, Texas 78711-2068

Opinion No. JC-0480

Re: Whether a raffle ticket may be awarded as a prize in a bingo game (RQ-0439-JC)

Dear Senator Madla:

You ask whether a raffle ticket may be awarded as a prize in a bingo game.[1] Your query suggests that this conduct is permissible because the award of a raffle ticket as a bingo prize is not prohibited by either the Bingo Enabling Act, *see* TEX. OCC. CODE ANN. ch. 2001 (Vernon 2002), or the Charitable Raffle Enabling Act, *see id.* ch. 2002. We conclude, however, that even though these acts might not expressly prohibit the award of a raffle ticket as a prize in a bingo game, this conduct could violate section 47.03 of the Penal Code, which prohibits, among other things, the sale or transfer for gain of a raffle ticket. *See* TEX. PEN. CODE ANN. § 47.03(a)(4), (5) (Vernon 1994). As the conduct is not expressly authorized by either the Bingo Enabling Act or the Charitable Raffle Enabling Act, the conduct would not fall within the defenses to gambling offenses set forth in section 47.09(a)(1)(A) or (B) of the Penal Code. *See id.* § 47.09(a)(1)(A), (B) (Vernon Supp. 2002) (providing that it is a defense to prosecution under Penal Code chapter 47 if the conduct is authorized by Occupations Code, chapter 2001 or 2002). Given the factual issues involved, however, this office cannot determine in an attorney general opinion whether the conduct of any particular person runs afoul of section 47.03.

## I. BACKGROUND

We begin with a brief review of the constitutional and statutory framework. Under article III, section 47 of the Texas Constitution, the legislature must prohibit all lotteries and gift enterprises, except as specifically authorized in subsections (b), (d), and (e) of the constitutional provision. *See* TEX. CONST. art. III, § 47(a). Those subsections authorize the legislature to permit bingo games conducted by charitable organizations, charitable raffles conducted by charitable organizations, and the state lottery. *See id.* § 47(b)-(e). Pursuant to this authority, the legislature has enacted the Bingo Enabling Act, *see* TEX. OCC. CODE ANN. ch. 2001 (Vernon 2002), and the

---

[1] Letter from Honorable Frank Madla, Chair, Intergovernmental Relations Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (Sept. 13, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

Charitable Raffle Enabling Act, *see id.* ch. 2002. With certain exceptions, the Bingo Enabling Act prohibits persons other than those charitable organizations licensed under the Act to conduct bingo. *See id.* § 2001.551. "Bingo" is defined as

> a specific game of chance, commonly known as bingo or lotto, in which prizes are awarded on the basis of designated numbers or symbols conforming to randomly selected numbers or symbols.

*Id.* § 2001.002(4). The Charitable Raffle Enabling Act permits only qualified organizations to conduct raffles, *see id.* § 2002.051. A raffle is defined as

> the award of one or more prizes by chance at a single occasion among a single pool or group of persons who have paid or promised a thing of value for a ticket that represents a chance to win a prize.

*Id.* § 2002.002(6).

Consistently with article III, section 47 of the Texas Constitution, chapter 47 of the Penal Code prohibits a variety of gambling-related activities. It is a defense to prosecution under chapter 47 if the conduct is authorized under the Bingo Enabling Act, chapter 2001 of the Occupations Code, or the Charitable Raffle Enabling Act, chapter 2002 of the Occupations Code. *See* TEX. PEN. CODE ANN. § 47.09(a)(1)(A), (B) (Vernon Supp. 2002).

Your question poses the following scenario: An authorized charity would sell a raffle ticket for a sum, such as $25.00. *See* Request Letter, *supra* note 1, at 1. Other charities, presumably ones that are licensed to conduct bingo, would purchase the raffle tickets to distribute as prizes during bingo games. *See id.* The winning raffle ticket would be selected after the conclusion of the bingo games. *See id.* Thus, the identity of the winning raffle ticket would not be known at the time the raffle tickets are awarded as bingo prizes. *See id.* The raffle prize's value would not exceed $50,000 if the charity paid any consideration for the item, but could be worth more if the item were donated to the charity. *See id.; see also* TEX. OCC. CODE ANN. § 2002.056(b) (Vernon 2002) (Charitable Raffle Enabling Act restrictions on value of raffle prize); Tex. Att'y Gen. Op. No. JC-0046 (1999) (construing TEX. OCC. CODE ANN. § 2002.056(b)). Your question assumes that the raffle meets all of the requirements of the Charitable Raffle Enabling Act, *see, e.g.*, TEX. OCC. CODE ANN. §§ 2002.003 (Vernon 2002) (organizations qualified to conduct raffles), .055 (ticket disclosures), .056(b) (restrictions on prizes), and that the bingo games at which the raffle tickets are awarded as prizes meet all of the requirements of the Bingo Enabling Act, *see, e.g., id.* §§ 2001.101 (licensing), .401-.420 (restrictions and requirements for operation of bingo). *See* Request Letter, *supra* note 1, at 2.

You are concerned about the legality of this scenario in light of three provisions—one in the Charitable Raffle Enabling Act, section 2002.054, and two in the Bingo Enabling Act, sections 2001.416 and 2001.420. *See id.* at 2-3. Your query appears to assume that the scenario is

permissible, provided that it does not run afoul of any of these provisions. You ask for our confirmation that none of these three provisions precludes the scheme. However, we approach your question differently. We conclude that the scenario you describe could run afoul of section 47.03 of the Penal Code. The Charitable Raffle Enabling Act and the Bingo Enabling Act are relevant only to the extent they authorize the conduct and thus provide a defense to prosecution under section 47.09 of the Penal Code. We conclude that neither Act authorizes the conduct.

## II. ANALYSIS

### A. Penal Code, Section 47.03: Gambling Offense

Section 47.03 of the Penal Code specifically provides that a person commits an offense if he or she intentionally or knowingly:

> (4) sells chances on the partial or final result of or on the margin of victory in any game or contest or on the performance of any participant in any game or contest or on the result of any political nomination, appointment, or election or on the degree of success of any nominee, appointee, or candidate; or

> (5) for gain, sets up or promotes any lottery or sells or offers to sell or knowingly possesses for transfer, or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery.

TEX. PEN. CODE ANN. § 47.03(a)(4), (5) (Vernon 1994). An offense under this section is a Class A misdemeanor. *Id.* § 47.03(b). Although we believe that a person who uses a raffle ticket as a bingo prize might commit the offense of "sell[ing] chances on the partial or final result of or on the margin of victory in any game or contest" within the meaning of section 47.03(a)(4), *id.* § 47.03(a)(4), we focus our analysis on section 47.03(a)(5) and conclude that a bingo conductor who uses a raffle ticket as a bingo prize could commit the offense of "for gain . . . knowingly possess[ing] for transfer, or transfer[ing] any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery," *id.* § 47.03(a)(5), within the meaning of that provision.

When interpreting a statute, words and phrases that have acquired a technical or particular meaning, by legislative definition or otherwise, must be construed accordingly. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998). Otherwise, words and phrases shall be read in context and construed according to the rules of grammar and common usage. *Id.* § 311.011(a). When a statute does not define a term, we apply the term's ordinary meaning. *See Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex. 1987).

Applying these rules of construction to section 47.03(a)(5) of the Penal Code, we conclude below that the use of a raffle ticket by a bingo conductor as a bingo prize is prohibited because the

bingo conductor (1) transfers (2) a lottery ticket (3) for gain. We cannot determine, however, whether a particular person acts "knowingly" or "intentionally," as section 47.03(a)(5) requires. *See* TEX. PEN. CODE ANN. § 47.03(a)(5) (Vernon 1994) ("A person commits an offense if he *intentionally or knowingly* does any of the following acts: . . . (5) for gain, sets up or promotes any lottery or sells or offers to sell or *knowingly* possesses for transfer, or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery.") (emphasis added).

First, a bingo conductor who awards a raffle ticket as a bingo prize "transfers" the ticket to the winning bingo player. The Penal Code does not define the term "transfer" for purposes of chapter 47. According to its common usage, "transfer" is an encompassing term, which means "[t]o convey or remove from one place or one person to another; to pass or hand over from one to another, esp. to change over the possession or control of." BLACK'S LAW DICTIONARY 1504 (7th ed. 1999). In the scenario you describe, possession and control of a raffle ticket passes from the bingo conductor to the prize winner.

Second, a raffle ticket "serve[s] as evidence of participation in [a] lottery." TEX. PEN. CODE ANN. § 47.03(a)(5) (Vernon 1994). For purposes of chapter 47, a "lottery" is defined by the legislature as follows:

> any scheme or procedure whereby one or more prizes are distributed
> by chance among persons who have paid or promised consideration
> for a chance to win anything of value, *whether such scheme or
> procedure is called* a pool, lottery, *raffle*, gift, gift enterprise, sale,
> policy game, or some other name.

*Id.* § 47.01(7) (Vernon Supp. 2002) (emphasis added). Because a raffle is a lottery within the meaning of chapter 47, a raffle ticket serves as evidence of participation in a lottery.

Third, a bingo conductor who uses a raffle ticket as a bingo prize does so "for gain," even if the gain is intended for charity. The Penal Code does not define the phrase "for gain." *Black's Law Dictionary* equates the term "gain" with "profit" or the "[e]xcess of receipts over expenditures." BLACK'S LAW DICTIONARY 686 (7th ed. 1999). In addition, case law establishes that the phrase "for gain" as it is used in section 47.03(a)(5) of the Penal Code is not limited to personal gain, but also includes gain for charitable purposes. *See State v. Amvets Post Number 80*, 541 S.W.2d 481, 482-83 (Tex. Civ. App.–Dallas 1976, no writ) (holding with respect to VFW post's bingo games that "[e]ven if all the proceeds were contributed to charity, the game would still be an enterprise undertaken 'for gain.' A gain is no less a gain if it is contributed to charity."). Thus, a bingo conductor who uses a raffle ticket as a prize in a bingo game, a money-raising endeavor, transfers the ticket "for gain," even though the bingo proceeds may be dedicated to charitable purposes.

Lastly, section 47.03 of the Penal Code generally requires that an offense be committed "intentionally" or "knowingly," *see* TEX. PEN. CODE ANN. § 47.03(a) (Vernon 1994) ("[a] person commits an offense if he intentionally or knowingly does any of the following acts"), and section

47.03(a)(5) specifically requires that possession of a lottery card for transfer must be done "knowingly," *see id.* § 47.03(a)(5) ("for gain, sets up or promotes any lottery or sells or offers to sell or *knowingly* possesses for transfer, or transfers any card, stub, ticket, check, or other device designed to serve as evidence of participation in any lottery") (emphasis added). The Penal Code defines both terms in section 6.03. *See id.* § 6.03(a) ("A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."), (b) ("A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."). Intent is a fact question for a trier of fact, and it may be inferred from the acts, words, and conduct of the accused. *See generally Manrique v. State,* 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (en banc) (Meyers, J., concurring); *Hernandez v. State,* 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) (en banc). As this office does not find facts in attorney general opinions, whether a person commits an act intentionally or knowingly is generally beyond the scope of an attorney general opinion. *See, e.g.,* Tex. Atty. Gen. LO-94-087, at 2 ("Determining whether the requisite intent, knowledge, or purpose are present would . . . require taking of evidence and finding of fact that cannot be performed in the opinion process.").

A brief we have received on behalf of certain charitable bingo concerns suggests that there is no violation of section 47.03 "if the charitable raffle tickets to be awarded as prizes in the bingo games were donated to the charity conducting the bingo event."[2] However, section 47.03(a)(5) is not concerned with how a bingo conductor has come to possess a raffle ticket, but rather with how the bingo conductor uses it, *i.e.,* with whether the bingo conductor knowingly or intentionally transfers the ticket for gain.

## B.  Penal Code, Section 47.09: Defenses to Prosecution

It is a defense to prosecution to any offense under chapter 47 of the Penal Code that the conduct is authorized by chapter 2001 or chapter 2002 of the Occupations Code, the Bingo Enabling Act and the Charitable Raffle Enabling Act. *See* TEX. PEN. CODE ANN. § 47.09(a)(1)(A), (B) (Vernon Supp. 2002). Chapter 2001 authorizes licensed bingo conductors to conduct bingo games and, similarly, chapter 2002 authorizes certain charitable organizations to conduct raffles. As we explain below, we do not believe that either of these Acts authorizes a bingo conductor to use a raffle ticket, a chance to win a prize in another game, as a bingo prize. Accordingly, neither Act provides a defense to prosecution under section 47.03 of the Penal Code.

---

[2]Brief from Jennifer S. Riggs, Hill Gilstrap Riggs Adams & Graham, L.L.P., to Susan Denmon Gusky, Chair, Opinion Committee, Office of Attorney General at 4 (Feb. 4, 2002) (on file with Opinion Committee).

### 1.  Charitable Raffle Enabling Act, Occupations Code, Chapter 2002

With respect to chapter 2002, the Charitable Raffle Enabling Act, a bingo conductor who purchases raffle tickets from an organization that is authorized to conduct a raffle and uses the tickets as bingo prizes does not conduct a raffle within the meaning of the Act.  Again, the Charitable Raffle Enabling Act defines "raffle" as

> the award of one or more prizes by chance at a single occasion among a single pool or group of persons who have paid or promised a thing of value for a ticket that represents a chance to win a prize.

TEX. OCC. CODE ANN. § 2002.002(6) (Vernon 2002).  As you have described the scenario, the bingo conductor who uses a raffle ticket as a bingo prize has not sold raffle tickets to a single pool or group of persons who have paid for a raffle ticket that represents a chance to win a prize.  The raffle organization, as opposed to the bingo conductor, has sold raffle tickets to a single pool or group of persons.  Furthermore, the bingo players have paid the bingo conductor to play bingo, and the chance to win a bingo prize; the bingo players have not paid the bingo conductor for a raffle ticket.

The raffle provision you raise in your query, section 2002.054, imposes limitations on the selling of raffle tickets.  Although your letter quotes both subsections (b) and (c) of this provision, you appear concerned about subsection (c), which limits who may sell a raffle ticket:

> The organization may not permit a person who is not a member of the organization or who is not authorized by the organization to sell or offer to sell raffle tickets.

*Id.* § 2002.054(c).  This provision uses the term "sell," which is not defined in the Bingo Enabling Act.  *Black's Law Dictionary* defines the term "sell" as "to dispose of by sale," and in turn defines "sale" as a:

> contract between two parties . . . by which the seller, in consideration of the payment or promise of payment of a certain price in money, transfers to the buyer the title and possession of the property.

*Criswell v. European Crossroads Shopping Ctr.*, 792 S.W.2d 945, 949 (Tex. 1990) (quoting BLACK'S LAW DICTIONARY 1200 (5th ed. 1979)).

You appear concerned that section 2002.054(c) might be construed to preclude a charitable organization from selling a raffle ticket to another charitable organization that would use the ticket as a bingo prize.  Although we conclude that a bingo conductor may not use a raffle ticket as a bingo prize, our conclusion is not based on section 2002.054(c).  Section 2002.054(c) governs who a raffle organization may permit to sell raffle tickets; it does not govern what a person who has purchased a raffle ticket from a raffle organization may then do with the ticket, unless he or she is reselling the

ticket with the permission of the organization. Rather, the conduct of the purchaser is governed by section 47.03 of the Penal Code.

In the scenario you describe, there appear to be two separate and unrelated transactions. A charitable organization that is authorized to conduct a raffle sells a ticket to another charitable organization. There is no understanding between the two organizations regarding the latter's disposition of the ticket. The raffle-ticket sale is completed once the buyer has received title and possession of the ticket in exchange for the consideration. *See* discussion *supra* p. 6 (definition of "sell" and "sale"). The second charitable organization then uses the raffle ticket as a bingo prize. The first transaction is clearly permissible under section 2002.054(c). The second transaction is not addressed by section 2002.054(c). While section 2002.054(c) does not prohibit such a transaction, neither does it authorize or permit such a transaction.

In sum, use of a raffle ticket as a bingo prize is not a raffle permitted by chapter 2002. Neither section 2002.054 nor any other provision in chapter 2002 authorizes a bingo conductor to use a raffle ticket as a bingo prize. Therefore, chapter 2002 would not provide the bingo conductor with a defense to prosecution under section 47.03 of the Penal Code.

## 2. Bingo Enabling Act, Occupations Code, Chapter 2001

Nor do we believe that chapter 2001 of the Occupations Code, the Bingo Enabling Act, would provide a defense. Awarding a raffle ticket as a bingo prize is not a "bingo" game authorized by chapter 2001. In that chapter, "bingo" is defined as

> a specific game of chance, commonly known as bingo or lotto, in which prizes are awarded on the basis of designated numbers or symbols conforming to randomly selected numbers or symbols.

TEX. OCC. CODE ANN. § 2001.002(4) (Vernon 2002). A bingo game involves the award of prizes on the basis of designated numbers or symbols conforming to randomly selected numbers or symbols. In the scenario you describe, there is an award of a prize in a bingo game, but the prize is a chance to win in a raffle. That prize involves both the bingo conductor and the prize winner in a game that is not bingo. Nor, as we discuss below, is the use of a lottery ticket as a bingo prize otherwise authorized under chapter 2001.

As you note in your query, section 2001.416 of the Bingo Enabling Act provides in part that "[a] game of chance other than bingo or a raffle conducted under Chapter 2002 may not be conducted or allowed during a bingo occasion." *Id.* § 2001.416(a). This office recently concluded in Attorney General Opinion JC-0449 that section 2001.416 prohibits all "games of chance," except bingo, a raffle, and "an amusement machine that is not a gambling device," during a bingo occasion. Tex. Att'y Gen. Op. No. JC-0449 (2002). A "bingo occasion" is defined in chapter 2001 as "all activities incident to the conduct of a series of bingo games by a licensed authorized organization,

including the organization's licensed times and any preparatory or concluding activities incident to the conduct of bingo." TEX. OCC. CODE ANN. § 2001.002(6) (Vernon 2002).

You note that section 2001.416(a) permits a raffle to be conducted under chapter 2002 during a bingo occasion. You suggest that "[i]f a raffle itself may be conducted during a bingo occasion, awarding a raffle ticket as a bingo prize does not appear to violate the prohibition on other games of chance." Request Letter, *supra* note 1, at 3. We disagree.

First, because the scenario you describe does not involve the sale of raffle tickets by a charitable organization under chapter 2002 during a bingo occasion, the language permitting "a raffle conducted under Chapter 2002" during a bingo occasion does not apply. *See* discussion *supra* p. 6. Nor is the award of a raffle ticket "bingo" permitted by subsection (a) of section 2001.416, *see* discussion *supra* p. 7. Lastly, it is not the play of an "amusement machine" permitted under subsection (d). *See* TEX. OCC. CODE ANN. § 2001.416(d) (Vernon 2002) ("This section does not prohibit the exhibition and play of an amusement machine that is not a gambling device as defined by Section 47.01, Penal Code."); TEX. PEN. CODE ANN. § 47.01(4) (Vernon Supp. 2002) (defining "gambling device" as "any electronic, electromechanical, or mechanical contrivance" and excluding from that definition certain "electronic, electromechanical, or mechanical contrivance[s]").

Section 2001.416(a) specifically prohibits all other "games of chance" during a bingo occasion. The term "game of chance" is not defined in chapter 2001 or elsewhere in Texas law, *see* Tex. Att'y Gen. Op. No. JC-0449 (2002) at 4-5, but has a commonly understood meaning: "the commonly understood meaning of a 'game of chance' is a game whose outcome is determined by chance rather than skill," *id.* at 5. We believe that purchasing a raffle ticket from a charitable organization and awarding it as a prize in a bingo game is itself a separate "game of chance." And even if it is not, this conduct is not permissible merely because it may not constitute a "game of chance" expressly prohibited by section 2001.416(a). The defense to prosecution provided by section 47.09 of the Penal Code is available only to conduct that is affirmatively authorized by chapter 2002. Section 2001.416 does not affirmatively authorize the use of a raffle ticket as a bingo prize.

Finally, you have also asked about section 2001.420, a provision of the Bingo Enabling Act that limits the value of bingo prizes. *See* TEX. OCC. CODE ANN. § 2001.420(a) (Vernon 2002) ("A bingo prize may not have a value of more than $750 for a single game."). You ask, in essence, whether the value of a raffle ticket would be the price for which it was purchased from the organization conducting the raffle or, perhaps, the value of the raffle prize, which could exceed the statutory cap on value. There may be several methods by which to value a raffle ticket for purposes of this provision, including alternatives not mentioned in your letter. *See, e.g., Goldman v. Commissioner*, 388 F.2d 476, 480 (6th Cir. 1967) (suggesting that cash value of raffle card "computed by dividing the value of the prize by the number of chances issued"). We do not reach this question, given that we have concluded that the conduct you ask about is prohibited by section 47.03 of the Penal Code and is not authorized by either chapter 2001 or 2002 of the Occupations Code. We do

note, however, that even if we were to conclude that the value of a bingo prize does not exceed the statutory cap, this would not mean that the type of prize is authorized.

The Bingo Enabling Act, chapter 2001 of the Occupations Code, does not provide a defense to prosecution under section 47.03 of the Penal Code. Although the conduct is carried out in conjunction with a bingo game authorized under chapter 2001 of the Occupations Code, it does not fall within the definition of a bingo game, or constitute one of the other games that may be played during a bingo game under section 2001.416.

## III. CONCLUSION

In sum, although the Bingo Enabling Act, TEX. OCC. CODE ANN. ch. 2001 (Vernon 2002), and the Charitable Raffle Enabling Act, *id.* ch. 2002, might not expressly prohibit the award of a raffle ticket as a prize in a bingo game, the award of a raffle ticket as a bingo prize would violate section 47.03 of the Penal Code, if the bingo conductor acts knowingly or intentionally. *See* TEX. PEN. CODE ANN. § 47.03(4), (5) (Vernon 1994). As the conduct is not expressly authorized by either the Bingo Enabling Act or the Charitable Raffle Enabling Act, the conduct would not fall within the defenses to gambling offenses set forth in section 47.09(a)(1)(A) or (B) of the Penal Code.[3]

---

[3]We do not address whether an amendment to the Bingo Enabling Act to permit bingo conductors to award raffle tickets as bingo prizes would be consistent with article III, section 47 of the Constitution. *See* TEX. CONST. art. III, § 47(a) ("The Legislature shall pass laws prohibiting lotteries and gift enterprises in this State other than those authorized by Subsections (b), (d), and (e) of this section."). *But see* TEX. OCC. CODE ANN. § 2002.056(c) (Vernon 2002) (use of state lottery ticket as raffle prize).

## S U M M A R Y

The award of a raffle ticket as a bingo prize would violate section 47.03 of the Penal Code, if the bingo conductor acts knowingly or intentionally. *See* TEX. PEN. CODE ANN. § 47.03(4), (5) (Vernon 1994). As the conduct is not expressly authorized by either the Bingo Enabling Act, TEX. OCC. CODE ANN. ch. 2001 (Vernon 2002), or the Charitable Raffle Enabling Act, *id.* ch. 2002, the conduct does not fall within the defenses to gambling offenses set forth in section 47.09(a)(1)(A) or 47.09(a)(1)(B) of the Penal Code. *See* TEX. PEN. CODE ANN.§ 47.09(a)(1)(A), (B) (Vernon Supp. 2002). This office cannot determine in an attorney general opinion whether the conduct of a particular actor runs afoul of section 47.03.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee