IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 6, 2004 Session

## TAMI SPRINTZ HALL ET AL v. RICHARD HAMBLEN, ET AL.

Appeal from the Chancery Court for Davidson County
No. 99-1663-I     Irvin H. Kilcrease, Jr., Chancellor

No. M2002-00562-COA-R3-CV - Filed August 16, 2004

Homeowners of a new residence brought an action against a subcontractor for breach of contract, negligent misrepresentation, professional negligence, and violation of the Tennessee Consumer Protection Act. The trial court found that there was a breach of contract and awarded attorney's fees under the Tennessee Consumer Protection Act. Subcontractor appealed insisting that because no violation of the TCPA was found, the trial court lacked a basis to award attorney's fees. We agree and reverse the judgment of the trial court with respect to the award of attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed in Part.**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, and FRANK G. CLEMENT, JR., JJ., joined.

Robert J. Notestine III, Nashville, Tennessee, for the appellant, Richard Hamblen d/b/a Contractor's Mirror & Glass.

Jill A. Hanson, Nashville, Tennessee, for the appellees, Tami Sprintz Hall and Jeffrey Hall.

### OPINION

The sole issue presented in this appeal is whether the trial court properly awarded attorney's fees pursuant to the Tennessee Consumer Protection Act ("TCPA") in an action that involved a contract for window installation services. The trial court did not provide in its order any finding that the subcontractor violated the TCPA, and the fee provision of TCPA does not support the award of attorney's fees without a violation. Therefore, we hold that attorney's fees pursuant to Tenn. Code Ann. § 47-18-109 cannot be awarded to a party unless that party is found to have violated the TCPA. Although the issue presented is limited, some factual and procedural background is necessary.

## II. FACTUAL BACKGROUND

Homeowners, Tami Sprintz Hall and Jeffrey Hall, ("the Halls") decided to build a residence for themselves and acted as general contractors.[1] In November, 1997, the Halls hired the defendant Richard Hamblen, sole proprietor of Contractors' Mirror & Glass (jointly "CMG"), to install the windows in the couple's new house. In an oral agreement, the Halls agreed to pay CMG $33,757.00 for the materials and installation. The only written instrument furnished to the Halls was an estimate of the cost of the construction. The Halls paid CMG an advance payment of $16,898.00 on November 20, 1997. In January, 1998, the Halls notified CMG that the construction of the house had progressed to the point that the company could install the windows. Although CMG took the field measurements in January, the actual work did not commence until March. Once the glass was delivered to the construction site, the Halls paid CMG an additional $6,000.00 to begin the installation. While CMG installed the windows, the company rarely communicated with the Halls and failed to show up for a pre-arranged meeting with them.

After installation, the windows began to leak, and construction of the house was delayed as a result of damage from poor installation. CMG attempted to fix the leakage through caulking but this measure failed to stop the problem. Mr. Hall testified that CMG failed to install the proper sill plate, which was supposed to divert water away from the window. CMG failed to provide the Halls with a viable solution or a plan to address the problem, and did not admit its inability to complete the job. On August 25, 1998, the Halls and CMG's attorney met at the construction site and decided that the Halls would hire another company to complete the job. The parties agreed that CMG would remove and stack the windows for possible re-use. The two parties did not reach an agreement concerning the amount of money, if any, CMG owed the Halls.

At their own expense, the Halls hired Wall Brothers Glass ("Wall Bros.") to install the windows. Since Wall Bros. was able to utilize some of the glass left by CMG, the cost for its services was reduced by $7,000. Mrs. Hall testified that a four month delay in the construction process occurred as a result of the leakage. Mr. Herb Seloff, the subcontractor that handled the drywall in the house, and Mr. Ken Jameson, the subcontractor that handled the electrical work, also testified that CMG's inability to install the windows properly caused a delay in the construction.

## II. THE PROCEEDINGS BELOW

The Halls sued CMG for breach of contract, negligent misrepresentation, professional negligence, and violation of the TCPA based on the subcontractor's alleged unfair or deceptive acts. At the bench trial, the plaintiffs and four witnesses testified that CMG failed to comply with its contractual obligation to install the windows. The Halls asserted that CMG refused to communicate with them, misrepresented the cause of the leaking windows, and failed to timely inform them of CMG's inability to perform the terms of the agreement. CMG, on the other hand, did not appear at

---

[1]The Halls initially hired a general contractor to construct the home, but later took over the responsibilities held by the former contractor and hired subcontractors to complete the house construction.

trial, and no witnesses testified on the company's behalf.

The trial court filed a Memorandum Opinion in which it found that CMG breached its oral contract to install the windows properly and awarded damages for that breach. Specifically, the court found:

> The Defendants breached the contract they entered into with the Plaintiffs to install the windows in the house. The Defendants failed to install the windows properly. The evidence demonstrated that the Defendants failed to put sill plates in the windows or installed them properly, which resulted in the windows leaking.
>
> The measure of damage is the amount paid to the Defendants to secure them to install the windows ($22,898.00) plus the difference between the contract price of the Defendants ($33,757.00) and that of Wall Brothers Glass, Inc. ($42,280.00) less the value of the glass left on the property ($7,000). Therefore, Plaintiffs are entitled to a judgment against the [Defendants] in the amount of $24,421.00. **All other claims for damages are denied.** Additionally, Plaintiffs are entitled to reasonable attorneys fees pursuant to T.C.A. § 47-18-109 (e)(1). (emphasis added).

As the opinion makes clear, the Halls did not prevail on their TCPA, negligent misrepresentation and professional negligence claims, and those claims were dismissed by the trial court. Despite the trial court denying all of the Halls' claims except for the breach of contract claim, the Halls were awarded $8,283.51 in reasonable attorney's fees on the stated basis of the private right of action provision of the TCPA.

CMG has not challenged the court's award of actual damages for the breach of contract. This appeal involves only the question of whether the trial court properly awarded attorney's fees pursuant the TCPA without finding a violation of the Act. CMG asserts that the Memorandum Opinion contained a contradictory element, *i.e.*, it states that the Halls were not entitled to damages for anything other than the breach of contract, yet they received attorney's fees based on one of the other claims. The company also argues that attorney's fees should not be awarded to the Halls since the TCPA was not violated. Additionally, CMG claims that there is nothing in the record that suggests that it employed or used unfair or deceptive acts or practices as defined by the statute. CMG concedes it committed a breach of contract, but asserts it did not commit any unfair or deceptive acts.

### III. ATTORNEY'S FEES

Tennessee follows the American Rule requiring "litigants to pay their own attorney's fees in the absence of a statute or contractual provision otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998). A party, even a prevailing party, is not entitled to an award of attorney's fees absent a contractual or statutory provision allowing such an award. *Taylor v. Ross*,

736 S.W.2d 614 (Tenn. Ct. App. 1987). Here, the oral contract did not include a fee provision, so the Halls must rely on statutory authority.

The statute relied on for the Hall's request and for the court's award is part of the TCPA and provides that "upon a finding by the court that a provision of this part has been violated, the court may award . . . reasonable attorney fees and costs." Tenn. Code Ann. § 47-18-109(e)(1). Construction of a statute is a question of law which we review *de novo*, with no presumption of correctness. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998). Our role is to ascertain and give effect to legislative intent, finding that intent, whenever possible, in the natural and ordinary meaning of the words used in the statute. *Id.*

The words used in Tenn. Code Ann. § 47-18-109(e)(1) are clear and unambiguous. To be awarded attorney's fees under the TCPA, a plaintiff must be successful on his or her TCPA claim and the court must find the defendant violated the Act. The reasonableness of such a requirement cannot be questioned. Here, the trial court did not find that CMG had violated any provision of the TCPA. To the contrary, the court dismissed all the Halls' claims except breach of contract. Consequently, the statute provides no basis for any award of fees in this case. *Myint,* 970 S.W.2d at 926 (holding that because the insurance company's conduct did not violate the TCPA, plaintiff insureds were not entitled to remedies under the Act, including attorney's fees).

The Halls first contend that since the trial court cited Tenn. Code Ann. § 47-18-109(e)(1) in the Memorandum Order (but only as the basis for its fee award), we should infer that the trial court held there was a violation of the TCPA. We cannot make that inference. The court clearly and specifically found a breach of contract and held defendants liable for damages arising from that breach. The court clearly used the breach of contract measure of damages and did not mention the measure under the TCPA. Instead, the court dismissed all claims for damages other than the breach of contract claim, which must necessarily include the TCPA claim. Simply mentioning the Tennessee Consumer Protection Act as a basis for fees does not qualify as a finding of a violation of it.

In a separate argument, the Halls contend that there is ample support for a finding that CMG violated the TCPA because the record shows that CMG committed unfair or deceptive acts or practices. In essence, the Halls would have us disregard or reverse the trial court's findings on the basis for liability and its dismissal of the TCPA claim. In order to reverse the trial court's dismissal, we would have to find that the evidence preponderates against the finding that the Halls were not entitled to relief under the TCPA. Tenn. R. App. P. 13(d).

The statute creating a private right of action for violation of the TCPA, Tenn. Code Ann. § 47-18-109(a)(1) provides:

Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages.

Thus, to establish a right to recover under the TCPA, a plaintiff must show the defendant engaged in unfair or deceptive acts, as specified in the Act, that caused plaintiff an ascertainable loss.[2] *Myint*, 970 S.W. 2d at 926; *Milliken v. Crye-Leike Realtors*, No. M1999-00071-COA-R3-CV, 2001 WL 747638, at *6 (Tenn. Ct. App. July 5, 2001) (perm. app. denied Dec. 10, 2001).

Breach of contract and violation of the TCPA are two different causes of action, and proof of the existence of one does not necessarily establish the existence of the other. Every breach of contract, or failure to perform a contract, is not a violation of the TCPA. A party bringing a TCPA action must prove that there was some deception, misrepresentation or unfairness, regardless of any breach of contract. *Hamer v. Harris*, No. M2002-00220-COA-R3-CV, 2002 WL 31469213, at *1, (Tenn. Ct. App. Nov. 6, 2002), (perm. app. denied Feb. 18, 2003).

Based on our review of the record, we cannot conclude that the evidence preponderates against the trial court's implicit finding that either there was no violation of the TCPA or no ascertainable loss attributable to any such conduct.

## IV. CONCLUSION

The Halls were successful on their breach of contract claim and were awarded breach of contract damages. They did not prevail on their TCPA claim, and that claim was dismissed by the trial court. Because the TCPA authorizes an award of attorney's fees only upon a finding of a violation, and because there was no such finding herein, there is no statutory authority for the award of fees. Consequently, we reverse the trial court's award of fees. Costs of the appeal are taxed to the appellees, Tami Sprintz Hall and Jeffrey Hall.

_____
PATRICIA J. COTTRELL, JUDGE

---

[2]The plaintiff must also show that the acts or practices took place in the conduct of any trade or commerce in this state. *Myint*, 970 S.W.2d at 926.