**Daniel J. DAVIS and Judy H. Davis, Individually and as Next Friend of Daniel J. Davis, Jr., Their Minor Son, Appellants,**

**v.**

**Frances GONZALES, Bea Alvarado and John Cadena, Appellees.**

No. 13–94–00524–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 15, 1996.

Rehearing Overruled Oct. 3, 1996.

**16**

William J. Tinning, Jerry Guerra, Law Office of William J. Tinning, Corpus Christi, for appellants.

Gene R. Ward, Demars, Hornblower, Manning & Ward, Lou Anne Huval, Shirley Selz, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Daniel and Judy Davis appeal a summary judgment entered against them in their suit against Frances Gonzales and Bea Alvarado, teachers at Robert Wilson Elementary School in Corpus Christi, and John Cadena, the principal of the school, for personal injuries sustained by the Davises' minor son while he was at school. We affirm.

Joey Davis was a first grade student at Wilson Elementary. During recess one day, Joey was hit or pushed down by another student. Joey informed his teacher, Frances Gonzales, that he had been hit in the cheek, and she provided him with a wet paper towel to hold against his cheek. Joey was not taken to the school nurse.[1] Ms. Gonzales stated that she did not notice any problems with Joey at that time, and that he attended to his school work with no sign of pain or trauma. She stated that, in her judgment, Joey did not appear to need attention by the school nurse. Ms. Gonzales later took her class to physical education, where Joey complained to Bea Alvarado, the physical education teacher, that his arm was hurting. Ms. Alvarado did not take Joey to see the school nurse.[2] Ms. Alvarado allowed Joey to "sit out" from the physical education activities that day.

After Joey went home for the day, he complained of severe pain. Unable to get an appointment with their physician that day, the Davises took Joey to see his doctor the following morning, and he was diagnosed with a fractured collar bone. The Davises sued Ms. Gonzales, Ms. Alvarado, and Mr. Cadena (the principal of Wilson Elementary), alleging that the teachers were negligent and guilty of excessive discipline in denying him access to the school nurse and that Mr. Cadena was negligent in not taking corrective action against the other first grade student who injured Joey, even though he knew that the other student had been a discipline problem in the past. The defendants claimed immunity under Section 21.912(b) of the Texas Education Code.[3] The trial court granted the defendant's motion for summary judgment, and this appeal ensued.

In their first three points of error, appellants claim that the defendants failed to prove each element of their affirmative defense of immunity and that fact issues exist as to whether Joey Davis asked to see the school nurse, and whether the teachers' treatment of Joey was within the excess discipline exception to the immunity statute.

---

1. Joey's parents claim that Joey asked repeatedly to see the school nurse, but that his requests were denied. Ms. Gonzales stated that she asked Joey if he wanted to see the nurse, but he declined. For purposes of this summary judgment review, we assume that Joey did ask to see the nurse. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

2. Joey's parents claim that he also asked Ms. Alvarado to be allowed to see the school nurse, but that she too denied his request.

3. Section 21.912(b) is as follows:

(b) No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students. Tex. Educ.Code Ann. § 21.912(b) (Vernon 1987) (Recodified as Tex. Educ.Code Ann. § 22.051(a) (Vernon Supp.1996), effective May 30, 1995).

We examine the summary judgment evidence in the light most favorable to the non-movant, and resolve any doubts in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Defendants moving for summary judgment on an affirmative defense must plead and conclusively prove all essential elements of their defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970). In order to establish the affirmative defense of immunity under the Texas Education Code, the defendants in this case must have shown that: 1) they were professional employees of the school district; 2) they were acting within the scope of their duties of employment; 3) their actions involved the exercise of their judgment or discretion; and 4) they were not disciplining Joey by use of excessive force or negligence, causing him bodily injury. TEX. EDUC.CODE ANN. § 21.912(b) (Vernon 1987); *Hopkins v. Spring Indep. Sch. Dist.,* 736 S.W.2d 617, 618 (Tex.1987); *Barr v. Bernhard,* 562 S.W.2d 844, 849 (Tex.1978).

The affidavits and deposition excerpts attached to the defendants' motion for summary judgment clearly establish the first three elements: Ms. Gonzales, Ms. Alvarado, and Mr. Cadena were all professional employees of the school district acting within the scope of their duties and exercising their judgment or discretion. Appellants claim, however, that by denying Joey Davis access to the school nurse after he informed his teachers that he was hurt, his teachers were negligently disciplining him, causing his suffering to be unnecessarily prolonged. We disagree.

The Texas Supreme Court has determined that the "negligent discipline" contemplated in the statute involves some form of punishment. *Hopkins,* 736 S.W.2d at 619. The *Hopkins* case is squarely on point with the issues in the case at bar. In *Hopkins,* an elementary school student with cerebral palsy suffered a head injury when she was pushed into a stack of chairs by other students while they were left unsupervised. *Id.* at 617. The student suffered convulsions and cold sweats, and became dazed and incoherent. Nevertheless, she was not taken to the school nurse by her teacher. She was later taken to the school nurse by an occupational therapist at the school, but the nurse told the student to stay at school and did not contact her mother or physicians. The student later suffered severe convulsions as she rode a school bus to a day care center, where she finally received medical treatment. *Id.* at 618.

The student's mother sued the school district, the bus supervisor, the school principal, the school nurse, and the teacher, alleging that their actions amounted to "negligent discipline" under the Texas Education Code. *Id.* at 619. The supreme court declined to construe the term "discipline" so broadly as to encompass the actions of the defendants. *Id.* As the *Hopkins* court noted,

[t]he opinion in *Diggs v. Bales* describes "negligent discipline" as "punishment [which] involves no force, but rather requires some action on the part of the student as a result of which the student suffers bodily injury," as in ordering a student to run laps. 667 S.W.2d 916, 918 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

*Id.* Accordingly, the court in *Hopkins* determined that the actions of the school district employees in that case did not amount to "negligent discipline." *Id.*

In the present case, none of the actions alleged by the appellants to have been committed by the appellees amounted to "negligent discipline." Neither Ms. Gonzales nor Ms. Alvarado required any action on the part of Joey Davis which resulted in bodily injury to him. At worst, they did not allow him to see the school nurse when he asked because they determined in their judgment and experience that he did not need medical attention. Mr. Cadena also did not require Joey to perform any action that resulted in his injuries. It is undisputed that Joey did not receive his injuries at the hands of the two teachers or the principal, but rather when he was hit or pushed by another student. In her deposition, Mrs. Davis acknowledged that she did not believe there was any malice involved in the teachers' actions, but asserted that they were negligent in not taking Joey to see the school nurse. Under the

present circumstances, and reviewing the summary judgment evidence in the light most favorable to the non-movants, we hold as a matter of law that Joey Davis was not subjected to "negligent discipline" by any of the defendants. Appellants' first three points of error are overruled.

By their fourth point of error, appellants complain that the trial court should not have granted the summary judgment because to do so allowed the defendants to circumvent the special exception practice and denied appellants the opportunity to amend their pleadings. We disagree.

 Appellant correctly states the rule that a motion for summary judgment cannot be used to circumvent the special exception practice to determine the sufficiency of the plaintiff's pleadings. If the plaintiff's pleadings are insufficient to state a cause of action on which he can recover, special exceptions must be leveled at the pleadings, and, if sustained, the plaintiff must be given an opportunity to replead. *Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). If the plaintiff cannot replead, the action will be dismissed, and an appeal had from that dismissal. *Id.* Summary judgment is not the vehicle to test the pleadings and a summary judgment may be granted on the pleadings in very few circumstances; generally "where the facts alleged by the plaintiff establish the absence of a right of action or an insuperable barrier to recovery." *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

Such is not the case in the instant matter. The defendants' motion for summary judgment was based on their affirmative defense of immunity conferred by statute, and was accompanied by their affidavits and deposition excerpts of the plaintiffs. The plaintiffs responded and attached deposition excerpts. The summary judgment evidence establishes that there is no genuine issue of material fact. The judgment was not granted because of a defect in plaintiffs' pleadings. Appellant's fourth point of error is overruled.

The summary judgment is AFFIRMED.