Michael D. RODGERS, Sr., Appellant,

v.

Kenneth WEATHERSPOON, Appellee.

No. 05–03–00909–CV.

Court of Appeals of Texas,
Dallas.

Aug. 26, 2004.

Michael D. Rodgers, Sr., Dallas, pro se.

Kenneth Weatherspoon, Dallas, pro se.

Before Justices WHITTINGTON,
LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Michael D. Rodgers, Sr. appeals a summary judgment that dismissed his legal malpractice claim against his former court-appointed lawyer, Kenneth Weatherspoon. In five issues, Rodgers claims that summary judgment should not have been granted because (1) Weatherspoon did not establish that Rodgers could not prove one or more of the elements of his claim as a matter of law, and (2) genuine issues of material fact precluded summary judgment. Because Weatherspoon disproved proximate causation as a matter of law, we hold that Weatherspoon was entitled to summary judgment. Accordingly, we affirm the judgment of the trial court.

### BACKGROUND

Rodgers was charged with aggravated assault and Weatherspoon was appointed to represent him. Rodgers complained about the representation and filed *pro se* motions to dismiss Weatherspoon as his counsel. Weatherspoon filed a motion to withdraw as counsel on October 5, 2001, and the motion was granted that day.

Before Weatherspoon was allowed to withdraw, but after Rodgers had asked the court to dismiss Weatherspoon as his counsel, Rodgers filed *pro se* motions and personally contacted the court. During one of his visits to the court, Rodgers was arrested because the trial judge had determined that Rodgers's bail was not sufficient. Rodgers claimed that the court clerk told him that if his attorney would come to the court, Rodgers would be released to his attorney and would not have to go to jail. Apparently, Rodgers was in jail until he posted the increased bail.

Rodgers filed a lawsuit, claiming Weatherspoon committed legal malpractice be-

cause he did not communicate with Rodgers and did not arrive at the court in time to allow Rodgers to avoid arrest. He contends that he was damaged because he spent six days in jail and had to pay additional money for the increased bond.

Weatherspoon defended the claims, contending that he did not have a duty to Rodgers, that he did not breach any duty to Rodgers, that Rodgers did not present expert evidence regarding the standard of care applicable to this case, and that he did not cause Rodgers any injury.[1]

## STANDARDS OF REVIEW

### *Summary Judgment*

Weatherspoon's summary judgment motion appears to be a traditional motion, but also invokes some no-evidence motion language. This court must determine whether to classify the motion as a traditional or no-evidence motion so that we may review it under the proper standards.

### *No-evidence Motion*

 When a party moves for a no-evidence summary judgment, he is asserting that the adverse party has no evidence to prove at least one essential element of the claim. The movant's no-evidence motion therefore must "state the elements [of the non-movant's claim] as to which there is no evidence." TEX.R. CIV. P. 166a(i). This requires the movant to "be specific in challenging the evidentiary support for an element of a claim." TEX.R. CIV. P. 166a cmt.; *see Moron v. Heredia*, 133 S.W.3d 668, 2003 WL 1923491, at *2 (Tex.App.-Corpus Christi Apr.24, 2003). It is "not require[d] that the motion specifically attack the evidentiary *components* that may prove an element of the cause of action." *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex.App.-Texarkana 1998, no pet.) (emphasis added).

If a summary judgment motion appears to be a mixture of traditional and no-evidence motions, appellate courts have determined that a motion that is not "specific in alleging a lack of evidence on an essential element" of the claim will not qualify for review as a no-evidence motion, but can still be reviewed as a traditional motion. *Amouri v. Southwest Toyota, Inc.*, 20 S.W.3d 165, 168 (Tex.App.-Texarkana 2000, pet. denied); *see Weaver v. Highlands Ins. Co.*, 4 S.W.3d 826, 829 n. 2 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

A court should determine the standard of proof on the summary judgment motion after considering the substance of the motion, rather than categorizing the motion strictly by its form or title. *See* TEX.R. CIV. P. 71; *State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex.1980); *Toubaniaris v. Am. Bureau of Shipping*, 916 S.W.2d 21, 23 (Tex.App.-Houston [1st Dist.] 1995), *rev'd on other grounds*, 981 S.W.2d 858 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

We will review Weatherspoon's motion for summary judgment under the standards that apply to a traditional motion because it does not meet the requirements of 166a(i).

### *Traditional Motion*

 We review a summary judgment *de novo* to determine whether a party's right to prevail is established as a matter of law. *Stancu v. Stalcup*, 127 S.W.3d 429, 431 (Tex.App.-Dallas 2004, no pet.). Summary judgment is proper under a traditional motion when the movant establishes that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). The question on appeal is not whether the summary judgment proof raises a fact issue

---

**1.** Weatherspoon did not file a brief on appeal.

with reference to the essential elements of the plaintiff's causes of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990). A defendant is entitled to summary judgment when he disproves, as a matter of law, one of the essential elements of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). When, as here, a trial court's order for summary judgment does not specify the ground or grounds relied on for its ruling, an appellate court will affirm a summary judgment if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

### Legal Malpractice

 To recover on a claim of legal malpractice, a plaintiff must prove four elements: (1) the attorney owed a duty to the plaintiff, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex.1995); *Two Thirty Nine Joint Venture v. Joe*, 60 S.W.3d 896, 904 (Tex.App.-Dallas 2001, no pet.). A lawyer in Texas is held to the standard of care that would be exercised by a reasonably prudent attorney. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex.1989) (op. on reh'g.); *see Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex.1996). Additionally, attorneys have a fiduciary relationship with their clients as a matter of law. *Gen. Motors Acceptance Corp. v. Crenshaw, Dupree & Milam, L.L.P.*, 986 S.W.2d 632, 636 (Tex.App.-El Paso 1998, pet. denied) (citing *Cooper v. Lee*, 75 Tex. 114, 120–21, 12 S.W. 483, 486 (1889)). Summary judgment may be proper if it is shown that the attorney's act or omission was not the cause of any damages to the client.

### PROXIMATE CAUSE

 Weatherspoon sought summary judgment based upon, among other things, no proximate cause. The two components of proximate cause are cause-in-fact and foreseeability. *Berly v. D&L Sec. Servs. & Investigations, Inc.*, 876 S.W.2d 179, 182 (Tex.App.-Dallas 1994, writ denied). Cause-in-fact means that the defendant's acts or omissions were a substantial factor in bringing about the injury that would not otherwise have occurred. *Two Thirty Nine*, 60 S.W.3d at 909. Foreseeability of harm means that the actor could anticipate that his actions could injure another. *Id.* Foreseeability does not require that the actor anticipate the particular injury that eventually occurs. *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex.1988).

 Some courts have held that as a general rule, expert testimony is necessary to prove the element of causation in a legal malpractice case. *Turtur & Assocs., Inc. v. Alexander*, 86 S.W.3d 646, 652 (Tex. App.-Houston [1st Dist.] 2001, no pet.); *Onwuteaka v. Gill*, 908 S.W.2d 276, 281 (Tex.App.-Houston [1st Dist.] 1995, no writ). In cases where a lay person would ordinarily be competent to make a determination on causation, however, expert testimony is unnecessary. *See Turtur*, 86 S.W.3d at 652 (expert testimony not required if causal connection is obvious); *Arce v. Burrow*, 958 S.W.2d 239, 252 (Tex. App.-Houston [14th Dist.] 1997), *rev'd on other grounds*, 997 S.W.2d 229 (Tex.1999) (corr. op. on motion for reh'g.) (quoting *Delp v. Douglas*, 948 S.W.2d 483, 495 (Tex. App.-Fort Worth 1997), *rev'd on other grounds*, 987 S.W.2d 879 (Tex.1999)) (adopting rule previously applied in medical malpractice cases that expert testimony not required in cases where lay person competent to determine causation).

 Weatherspoon offered summary judgment evidence through Judge Nelms's affidavit that Weatherspoon had nothing to do with Rodgers's bond being held insufficient. The judge stated that he made the decision to hold Rodgers's bond insufficient on his own.

After Weatherspoon produced this evidence, Rodgers then had the burden of introducing his own evidence to raise an issue of material fact about causation. *See Arce*, 958 S.W.2d at 253–54 (holding that burden shifts to non-movant to raise issue of fact). Rodgers failed to meet this burden. He offered no evidence that Weatherspoon ever received word that he needed to appear at the court before Rogers was taken to jail. In his own affidavit, Rodgers stated only that the court clerk said she had called Weatherspoon's office and left a message, but had not spoken to Weatherspoon. He stated that his wife also had called Weatherspoon's office and left a message. Rodgers claimed that if Weatherspoon had returned his "phone calls there would have been no need to file a motion to dismiss his counsel, which caused the court to revoke his bond." But there is no evidence that Rodgers's claimed harm would have been diminished or would not have occurred if Weatherspoon had acted the way appellant contends he should have acted.

### Conclusion

A defendant is entitled to summary judgment when he disproves, as a matter of law, one of the essential elements of the plaintiff's cause of action. Because Weatherspoon disproved the causation element of Rodgers's legal malpractice claim as a matter of law, the trial court properly granted summary judgment for Weatherspoon. Consequently, we need not address Weatherspoon's motion as it pertained to the other elements of Rodgers's cause of action.

We affirm the trial court's judgment.