NUMBER 13-04-007-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS CHRISTI - EDINBURG

 



 

DAVID WILLBORN,                                                                          Appellant,

 

                                                             v.

 

FORMOSA PLASTICS CORPORATION

OF TEXAS,                                                                                         Appellee.

 



 

                              On
appeal from the 24th District Court

                                       of
Calhoun County, Texas.

 



 

                              MEMORANDUM
OPINION[1]

 

           Before
Chief Justice Valdez and Justices Castillo and Garza

 

                           Memorandum
Opinion by Justice Castillo








This is a sexual
harassment case.  Presented with
competing motions for partial summary judgment, the trial court granted
appellee Formosa Plastics Corporation of Texas' motion and denied appellant
David Willborn's motion.  By two issues,
Willborn appeals the trial court's order (1) granting summary judgment in favor
of appellee Formosa, and (2) denying Willborn's motion for partial summary
judgment.[2]  We affirm.

I. Relevant
Facts








On March 25,
2003, Willborn filed his second amended petition.  Willborn alleged that, dating back to 1996,
his supervisors and co-workers subjected him to a hostile work environment and
that his supervisors were both aware of the problem and failed to correct
it.  Willborn believed that the
harassment was based on the supervisors' and co-workers' perception that he did
not meet the "male stereotype." On June 1, 2003, Formosa filed its
special exceptions to Willborn's second amended petition, excepting to
Willborn's petition as it failed to state a cause of action under the Texas
Commission on Human Rights Act, Tex.
Lab. Code Ann.' 21.001-.306 (Vernon 1996 & Supp. 2004-05)
("TCHRA") or under Title VII of the Civil Rights Act of 1964, 42
U.S.C.S. ' 2000e et seq. ("Title VII").  On September 24, 2003, the trial court sustained
Formosa's special exceptions and ordered that Willborn amend his pleading by
October 6, 2003.  On August 22, 2003,
Willborn filed his third amended petition, in response to Formosa's special
exceptions and as ordered, still relying on the TCHRA and Title VII.  On September 22, 2003, Willborn filed his
motion for partial summary judgment asking the trial court to find as a matter
of law that same-sex discrimination based on gender stereotype is actionable
under the TCHRA or Title VII as amended for gender-based harassment and a
sexually hostile work environment. 
Formosa responded that Willborn sought a conclusion of law or an
advisory opinion rather than a partial summary judgment.  On October 23, 2003, Formosa filed its own
motion for partial summary judgment asking the trial court to dismiss
Willborn's employment discrimination claim on grounds that his live pleading
failed to state a cause of action for sexual harassment and sexually hostile
work environment under the TCHRA.  In
response, Willborn asserted that "discrimination because one fails to act
in the way expected of a man or woman is forbidden under Title VII and the
TCHRA."  The trial court entered an
order denying Willborn's motion and granting Formosa's motion, holding that
Willborn had failed to state a cause of action under the TCHRA or Title
VII.  It is from this order, after
severance of Willborn's claims for (1) intentional infliction of emotional
distress, (2) negligent supervision and control, and (3) vicarious liability
for purposes of finality, that Willborn appeals.

 

 








II.
Jurisdiction

Before we reach
the merits of this case, we must first determine whether we have jurisdiction
over this appeal.  Ortega v. City Nat<l Bank,
97 S.W.3d 765, 771 (Tex. App.BCorpus Christi 2003, no pet.) (opin. on reh'g)
(citing Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443
(Tex. 1993)).  Because the question of
jurisdiction is a legal question, we follow the de novo standard of
review.  Id.  (citing Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998)). 
Jurisdiction of a court is never presumed and, if the record does not
affirmatively demonstrate the appellate court's jurisdiction, the appeal must
be dismissed.  El‑Kareh v. Tex.
Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.BHouston [14th Dist.] 1994, no writ).  As appeals are only allowed from final orders
or judgments, we must first consider whether an order purporting to grant a
summary judgment can be final and appealable when one of the plaintiff's causes
of actions was not addressed by the defendant in the motion for summary
judgment. Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex.
2001).

A.  Willborn's Title VII and TCHRA Claims








Willborn asserted
causes of action for (1) gender discrimination, (2) sexual harassment, and (3)
sexually hostile work environment under both the TCHRA and Title VII, as well
as for (1) intentional infliction of emotional distress, (2) negligent
supervision and control, and (3) vicarious liability/respondent superior.[3]  In its motion, Formosa sought summary
judgment as to Willborn's claims under the TCHRA for (1) gender based sexual
harassment and (2) sexually hostile work environment, arguing that Willborn's
claim for same-sex harassment for his failure to meet the male stereotype was
not a cognizable cause of action under Texas Labor Code Section 21.051.  See Tex.
Lab. Code Ann. ' 21.051 (Vernon 1996).  Formosa's motion for summary judgment did not
request summary judgment as to any of Willborn's federal Title VII claims.

B.  Sexual Harassment and Sexually Hostile Work
Environment Claims

In its order, the
trial court found that Willborn "[had] not plead [sic] a cognizable cause
of action under Title VII of the Civil Rights Act of 1964 and the Texas
Commission on Human Rights Act for gender based sexual harassment and a
sexually hostile work environment." 
The court ordered that Willborn take nothing on his claim against
Formosa for sexual harassment and a sexually hostile work environment, and that
the claim be "dismissed in all things."  As such, the partial summary judgment order
grants more relief than Formosa requested. 








An express
adjudication of all parties and claims in a case is not interlocutory merely
because the record does not afford a legal basis for the adjudication.  Lehmann, 39 S.W.3d at 206.  To determine whether an order disposes of all
pending claims and parties, it may be necessary for the appellate court to look
to the record in the case.  Id. at
205‑06.  In this case, the trial
court's summary judgment stated that the claim should be "dismissed in all
things."  After reviewing the record
in this case and for the reasons expressed below, we conclude that this judgment
should be treated as final for purposes of appeal.  Id. at 206. 

The judgment of
the trial court shall conform to the pleadings. 
See Tex. R. Civ. P. 301.  It is well established that a summary
judgment can only be granted on the grounds addressed in the motion for summary
judgment.  See Tex. R. Civ. P. 166a(c); Roof Sys., Inc. v. Johns Manville Corp.,
130 S.W.3d 430, 436 (Tex. App.BHouston [14th Dist.] 2004, no pet.).  A judgment granting more relief than a party
is entitled to is subject to reversal, but it is not, for that reason alone,
interlocutory.  Lehmann, 39 S.W.3d
at 200 (citing Continental Airlines, Inc. v. Kiefer, 920 S.W.2d 274
(Tex. 1995)).  In those circumstances,
the order must be appealed and reversed. 
Lehmann, 39 S.W.3d at 206. 
As the trial court purported to rule on all claims in the plaintiff's
fourth amended petition, we find that the summary judgment order was
final.  Ritzell v. Espeche, 87
S.W.3d 536, 538 (Tex. 2002); see also Lehmann, 39 S.W.3d at 200.  In his appeal, Willborn preserves no error
relating to the trial court's grant of more relief than requested in its
summary judgment. Therefore, we conclude that the error is waived.  








Willborn's first
issue presented states that the trial court erred in holding that he
"failed to state a cognizable cause of action under the Texas Commission
on Human Rights Act or Title VII of the Civil Rights Act of 1964, as amended,
for gender based harassment and a sexually hostile work environment."  As we conclude that the judgment on Formosa's
partial motion for summary judgment is final, that Willborn waived error as to
the grant of more relief than sought in the summary judgment, and that Willborn
has appealed the judgment as it relates to sexual harassment and sexually hostile
work environment under both federal and state law, both issues are properly
before us on appeal.  

C.  Sexual Discrimination Claims

In his live
pleading, Willborn sought to plead a cause of action for gender
discrimination.  Formosa's motion for
summary judgment addressed the gender discrimination cause of action, but the
trial court's summary judgment did not. 
No ruling was ever made on Willborn's claim of gender
discrimination.  Willborn failed to  include his cause of action for gender
discrimination as an issue on appeal and the record reveals that Willborn did
not sever that claim from the rest of his causes of action.  We conclude that because the trial court did
not address gender discrimination in its summary judgment order, and Willborn
failed to address the cause of action on appeal, it is abandoned.

 

 








D.  Willborn's Remaining Claims

An order was
filed by agreement of the parties to sever Willborn's claims for (1) intentional
infliction of emotional distress, (2) negligent supervision and control, and
(3) vicarious liability/respondeat superior from Willborn's claims against
Formosa brought under the TCHRA and Title VII. 


E.  Disposition

The trial court's
order for partial summary judgment conclusively disposed of Willborn's claims
based on sexual harassment and a sexually hostile work environment under the
TCHRA and Title VII.  The later severance
of Willborn's remaining claims caused the partial summary judgment to become
final and appealable.  See Crowson v.
Wakeham, 897 S.W.2d 779, 783 (Tex. 1995). 
We conclude that the trial court's disposition as to the claims
enumerated in its order is final and that we have jurisdiction over the issues
Willborn appeals.  Ortega, 97
S.W.3d at 771.  Accordingly, we will now
consider whether the trial court erred in granting summary judgment against
Willborn on his state and federal employment discrimination claims. 

III. The
Court's Order on the Motions for Summary Judgment

Willborn appeals
both the trial court's decision to deny his own motion for partial summary
judgment and the court's decision to grant Formosa's motion for partial summary
judgment.  Formosa responds that the
trial court properly granted summary judgment.

 








A. Standard
of Review

The propriety of
a summary judgment is a question of law. 
See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994).  We therefore review the decision
de novo.  See id.  The standard of review for the grant of a motion
for summary judgment is determined by whether the motion was brought on no‑evidence
or traditional grounds.  See Tex. R. Civ. P. 166a(c), (i); see also Ortega, 97 S.W.3d at
771.  A no-evidence summary-judgment
motion asserts there is no evidence of one or more essential elements of claims
upon which the opposing party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i).  A no‑evidence motion for summary
judgment is properly granted only if the non‑movant fails to bring forth
more than a scintilla of probative evidence to raise a genuine issue of
material fact as to the challenged element of the claims.  See id.; Mulvey v. Mobil Producing
Tex. & N.M. Inc., 147 S.W.3d 594, 605 (Tex. App.BCorpus Christi 2004, pet. denied) (citing AMS
Constr. Co. v. Warm Springs Rehab. Found., 94 S.W.3d 152, 159 (Tex. App.BCorpus Christi 2002, no pet.)).








The function of a
summary judgment is to eliminate patently unmeritorious claims and
defenses, not to deprive litigants of the right to a jury trial.  Alaniz v. Hoyt, 105 S.W.3d
330, 344 (Tex. App.BCorpus Christi 2003, no pet.).  In both traditional and no-evidence
summary-judgment motions, we review the evidence "in the light most
favorable to the nonmovant, disregarding all contrary evidence and inferences."  See KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Branton v. Wood,
100 S.W.3d 645, 646 (Tex. App.BCorpus Christi 2003, no pet.).  The movant bears the burden of showing
both no genuine issue of material fact and entitlement to judgment as
a matter of law.  Hoyt, 105 S.W.3d at
345.  We affirm a trial court's ruling on
a summary-judgment motion if any of the theories advanced in the motion is
meritorious.  State Farm Fire
& Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Boren v. Bullen,
972 S.W.2d 863, 865 (Tex. App.BCorpus Christi 1998, no pet.).  We review a summary judgment de novo to
determine whether a party established its right to prevail as a
matter of law.  Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex. 1985); Ortega,
97 S.W.3d at 771.  When, as in the
present case, both sides move for summary judgment and the trial court grants
one motion but denies the other, a reviewing court should review both sides'
summary judgment evidence, determine all questions presented, and render the
judgment that the trial court should have rendered.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872 (Tex. 2000).

B. The
Trial Court's Decision to Deny Willborn's Summary-Judgment Motion








In his second
issue, Willborn asserts that, by his motion, he sought a "ruling on a
question of law regarding a "real and current controvers[y],' not an
'abstract, hypothetical, or remote dispute.'"  Willborn's motion for partial summary judgment
asked the trial court to find as a matter of law that same-sex discrimination
based on gender stereotype is actionable under the TCHRA and Title VII, as
amended.  Willborn asserted that matters
of statutory construction are questions of law for the court to decide rather
than issues of fact, and thus the trial court could properly decide whether the
alleged discrimination was actionable under the TCHRA and Title VII. Formosa
countered that Willborn sought a "finding" that his cause of action
is cognizable under the TCHRA and Title VII, but findings are not the rendition
of a judgment, even a partial summary judgment. 
Formosa further stated that a judgment is a judicial act by which the
court settles and declares the decision of the law upon the matter at
issue.  We agree.








Rule 166a of the
Texas Rules of Civil Procedure addresses summary judgments.  See Tex.
R. Civ. P. 166a.  Nowhere does the rule allow for the type
of disposition that Willborn seeks. 
"A partial summary judgment is a decision on the merits unless set
aside by the trial court."  Hyundai
Motor Co. v. Alvarado, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam).  By his summary-judgment motion, Willborn
seeks a pronouncement that his reliance upon the TCHRA and Title VII as
statutory bases for his claims is not erroneous, an effort that is the
substance of a declaratory judgment action.[4]  When, as here, a party has mistakenly
designated a pleading, the court, if justice so requires, shall treat the plea
or pleading as if it had been properly designated.  See Tex.
R. Civ. P. 71.  The problem with construing Willborn's motion
for partial summary judgment as a request for a declaratory judgment is that
Willborn did not ask for or allude to a desire for a declaratory judgment
anywhere in his pleadings.  A party may
not be granted relief in the absence of pleadings to support that relief.  Tex.
R. Civ. P. 301; Stoner v.
Thompson, 578 S.W.2d 679, 682 (Tex. 1979). A judgment must be supported by
the pleadings and, if not so supported, it is erroneous.  Daniels v. Daniels, 45 S.W.3d 278, 282
(Tex. App.BCorpus Christi 2001, no pet.) (citing Cunningham
v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983)); see also City of
Fort Worth v. Gause, 101 S.W.2d 221, 223 (1937).   Because Willborn did not assert a claim for
declaratory relief in his live pleading, we conclude that the trial court did
not err in denying Willborn's motion for partial summary judgment.  As such, we overrule Willborn's second issue
on appeal.

C. The
Trial Court's Decision to Grant Formosa's Summary-Judgment Motion

1.
Traditional or No-Evidence Motion








Formosa's
motion for partial summary judgment states that the live pleading "fails
to state a cause of action for gender based sexual harassment and sexually
hostile work environment."  Formosa
does not indicate whether the motion is one seeking a traditional or a
no-evidence partial summary judgment.  A
court should determine the standard of proof on a summary judgment motion after
considering the substance of the motion, and not categorize the motion strictly
by its form or title.  See Tex. R. Civ. P. 71; Rodgers v. Weatherspoon, 141 S.W.3d 342,
344 (Tex. App.BDallas 2004, no pet.).  The motion for summary judgment shall state
the specific grounds therefor.  See Tex. R. Civ. P. 166a(c).  If the
party is seeking a motion for summary judgment based on no-evidence grounds,
"the motion must state the elements as to which there is no
evidence."  See Tex. R. Civ. P. 166a(i).  If a
summary judgment motion appears to be a mixture of traditional and no‑evidence
motions, appellate courts have determined that a motion that is not
"specific in alleging a lack of evidence on an essential element" of
the claim will not qualify for review as a no‑evidence motion, but can
still be reviewed as a traditional motion. 
Weatherspoon, 141 S.W.3d at 344 (citing Amouri v. Southwest
Toyota, Inc., 20 S.W.3d 165, 168 (Tex. App.BTexarkana
2000, pet. denied)); see also Weaver v. Highlands Ins. Co., 4 S.W.3d
826, 829 n.2 (Tex. App.BHouston [1st Dist.] 1999, no pet.).  The fact that evidence may be attached to a
motion that proceeds under subsection 166 (a) or (b) does not foreclose a party
from also asserting that there is no evidence with regard to a particular element.  Binur v. Jacobo, 135 S.W.3d 646, 651
(Tex. 2004).  Similarly, if a motion
brought solely under subsection (i) attaches evidence, that evidence should not
be considered unless it creates a fact question, but such a motion should not
be disregarded or treated as a motion under subsection (a) or (b).  Id. 
Based on the motion and evidence tendered, we review Formosa's
motion as a traditional motion for summary judgment.  See Weatherspoon, 141 S.W.3d at 344. 








2. Pleading Deficiency

Special
exceptions can be used to challenge the sufficiency of a pleading.  Tex.
R. Civ. P. 91; Friesenhahn v.
Ryan, 960 S.W.2d 656, 658 (Tex. 1998); see also Davis v. Gonzales,
931 S.W.2d 15, 18 (Tex. App.BCorpus Christi 1996, writ denied).  If the trial court sustains special
exceptions, it must give the pleader an opportunity to amend the pleading.  Tex. Dep't of Corrections v. Herring, 513
S.W.2d 6, 10 (Tex. 1974); see also Gonzales, 931 S.W.2d at 18.  If a party refuses to amend, or the amended
pleading fails to state a cause of action, then summary judgment may be
granted.  Herring, 513 S.W.2d at
10.  Summary judgment based on a pleading
deficiency is proper if a party has had an opportunity by special exception to
amend and fails to do so, or files an additional defective pleading.  Herring, 513 S.W.2d at10.  Summary judgment may also be proper if a
pleading deficiency is of the type that could not be cured by an amendment.  Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex.
1972).  In this case, the trial court
granted Formosa's special exceptions. 
Willborn did not timely amend.[5]


3. The Law

a.  The TCHRA








Willborn's
bases for suit included gender discrimination, sexual harassment, and a hostile
work environment.  The TCHRA makes it unlawful
for an employer to discriminate against an employee with respect to
compensation or the terms, conditions, or privileges of employment because of
sex.  See Tex. Lab. Code Ann.
' 21.051 (Vernon 1996); see Garcia v.
Schwab, 967 S.W.2d. 883, 885 (Tex. App.BCorpus
Christi 1998, no pet.).  Texas Labor Code
section 21.125 provides a more specific standard of causation than the one
identified in 21.051.  See Tex. Lab.
Code Ann. ' 21.125 (Vernon Supp. 2004-05); Quantum Chem.
Corp. v. Toennies, 47 S.W.3d 473, 475‑76 (Tex. 2001).  Section 21.125 states: 

(a) Except as otherwise
provided by this chapter, an unlawful employment practice is established when
the complainant demonstrates that . . . sex . . . was a motivating factor for
an employment practice, even if other factors also motivated the practice . . .
.

 

Tex. Lab.
Code Ann. ' 21.125 (Vernon Supp. 2004-05).








The
TCHRA is modeled after federal law with the purpose of executing the purposes
of Title VII of the Civil Rights Act of 1964. 
See Tex. Lab. Code
Ann. ' 21.001 (Vernon 1996); Schwab, 967 S.W.2d at
885; Soto v. El Paso Natural Gas, 942 S.W.2d 671, 677 (Tex. App.BEl Paso 1997, pet. denied).  One of the purposes behind this Act is the
"correlation of state law with federal law in the area of discrimination
in employment."  Schroeder v.
Tex. Iron Works, Inc., 813 S.W.2d 483, 485 (Tex. 1991).  When reviewing a case brought under the
TCHRA, a court may look to the TCHRA and, when necessary, to the analogous
federal provisions in Title VII, see generally Eckert v. Frostex Foods, Inc.,
802 S.W.2d 70, 72 (Tex. App.BAustin 1990, no writ), and federal precedent
relating to the same, see Coastal Mart, Inc. v. Hernandez, 76 S.W.3d
691, 695 (Tex. App.BCorpus Christi 2002, pet. dism'd ).  See NME Hosps., Inc. v. Rennels, 994
S.W.2d 142, 144 (Tex. 1999).  Texas
courts are obligated to follow higher Texas courts and the United States
Supreme Court.  Penrod Drilling Corp.
v. Williams, 868 S.W.2d 294, 296 (Tex. 1993); see also Mohamed v. Exxon
Corp., 796 S.W.2d 751, 753‑54 (Tex. App.BHouston [14th Dist.] 1990, writ denied). 

b.  Title VII








The
United States Supreme Court has identified a two-fold purpose behind Title
VII's enactment: (1) eliminating employment discrimination, and (2) allowing
the aggrieved party to be made whole for those injuries suffered on account of
unlawful employment discrimination.  City
of Austin v. Gifford, 824 S.W.2d 735, 739 (Tex. App.BAustin 1992, no writ) (citing Abemarle Paper Co.
v. Moody, 422 U.S. 405, 417-18 (1975)). 
Under the United States Supreme Court's decision in Oncale v.
Sundowner Offshore Servs. Inc., Title VII's prohibition of discrimination
because of sex protects "men as well as women."  See Oncale v. Sundowner Offshore Services,
Inc., 523 U.S. 75, 78 (1998) (citing Newport News Shipbuilding & Dry
Dock Co. v. EEOC, 462 U.S. 669, 682 (1983). 
In addition, the United States Supreme Court has held that Title VII
protects an employee from reverse discrimination, that is, employer
discrimination against a member of a historically favored group.  Coastal Mart, Inc., 76 S.W.3d at 695‑96
(citing McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 280
(1976)).  

4. The Claims

a.  Same-Sex Sexual Harassment

Willborn
includes a claim for sexual harassment, which is one form of prohibited
employment discrimination.  Hoffmann‑La
Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004); see also
Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986); Ewald v. Wornick
Family Foods, Corp., 878 S.W.2d 653, 658 (Tex. App.BCorpus Christi 1994, writ denied).  Generally, to establish a claim for sexual
harassment, a plaintiff must prove (1) the plaintiff belongs to a protected
group; (2) the plaintiff was subjected to unwelcome harassment; (3) the
harassment was based on sex; and (4) the harassment affected a term, condition,
or privilege of the plaintiff's employment. 
Padilla v. Flying J, Inc., 119 S.W.3d 911, 915 (Tex. App.BDallas 2003, no pet.) (citing Gulf States Toyota,
Inc. v. Morgan, 89 S.W.3d 766, 770 (Tex. App.BHouston
[1st Dist.] 2002, no pet.)).  Courts have
traditionally defined "unwelcome sexual harassment" as "sexual
advances, requests for sexual favors, and other verbal or physical conduct of a
sexual nature that is unwelcome in the sense that it is unsolicited or
unincited and is undesirable or offensive to the employee."  Wyerick v. Bayou Steel Corp., 887 F.2d
1271, 1274 (5th Cir. 1989).  








Same-sex
sexual harassment is likewise actionable under Title VII.  See Oncale, 523 U.S. at 81.  Under Oncale, to prove same-sex sexual
harassment, the complaint may: (1) show that the alleged harasser made
"explicit or implicit proposals of sexual activity" and provide
credible evidence that the harasser was homosexual; (2) demonstrate that the
harasser was "motivated by general hostility to the presence of [members
of the same sex] in the workplace; or (3) offer direct, comparative evidence
about how the alleged harasser treated members of both sexes in a mixed-sex
workplace.  See Oncale, Inc., 523
U.S. at 80-81. "Whatever evidentiary route the plaintiff chooses to
follow, he or she must always prove that the conduct at issue was not merely
tinged with offensive sexual connotations, but actually constituted
discrimination because of sex."  Oncale,
523 U.S. at 81.  

Willborn's
petition does not allege facts that satisfy the requirements of a same-sex
sexual harassment cause of action. 
Willborn states that the abuse at issue was based upon the perception
that he is effeminate and, therefore, occurred because of sex.  No facts were alleged to show (1) that anyone
made either "explicit or implicit proposals of sexual activity"
towards Willborn, (2) that the harasser was motivated by general hostility to
the presence of other members of the same sex in the workplace, or (3) the
alleged harasser's treatment of members of both sexes in a mixed-sex
workplace.  See Oncale, 523 U.S.
at 80-81.  In addition, Willborn does not
direct us to any opinion promulgated by this state's supreme court or the
United States Supreme Court which recognizes a cause of action based on alleged
"gender stereotype."  We
conclude that, as a matter of law, Willborn failed to allege a cause of action
for sexual harassment.  








b.  Hostile Work Environment








Willborn
further alleges that his supervisors and co-workers subjected him to a hostile
work environment, which is a form of sexual harassment.  See Schwab, 967 S.W.2d at 885.  A cause of action for the hostile work environment
form of sexual harassment requires proof of the following elements: (1) the
plaintiff belongs to a protected group, (2) the plaintiff was subject to
unwelcome sexual harassment, (3) the harassment complained of was based upon
sex, (4) the harassment complained of affected a "term, condition, or
privilege" of employment, and (5) the employer knew or should of known of
the harassment and failed to take remedial action.  Schwab, 967 S.W.2d at 885; see also
Ewald, 878 S.W.2d at 659; Henson v. City of Dundee, 682 F.2d
897, 909 (11th Cir. 1982)).  Once again
as we look to the federal counterpart, we note that Title VII is violated when
the workplace is permeated with discriminatory intimidation, ridicule, and
insult that is sufficiently severe or pervasive to create a discriminatorily
hostile or abusive working environment.  Oncale, 523 U.S. at 78; Meritor Sav.
Bank FSB, 477 U.S. at 64-67.  For
sexual harassment to be actionable, it must be sufficiently severe or pervasive
"to alter the conditions of [the victim's] employment and create an
abusive working environment."  Meritor
Sav. Bank, FSB, 477 U.S. at 67. 
Whether an environment is "hostile" or "abusive" can
be determined only by reviewing all the circumstances including the frequency of
the conduct, its severity, whether it is physically threatening or humiliating,
or a mere offensive utterance, and whether it unreasonably interferes with an
employee's work performance.  Schwab,
967 S.W.2d at 885‑886 (citing Harris v. Forklift Sys., Inc., 510
U.S. 17, 23 (1993)).  This standard seeks
to avoid making all offensive conduct actionable by requiring the conduct to
cause tangible physical injury.  See
Schwab, 967 S.W.2d at 885. 

The
first element of a hostile work environment form of sexual harassment claim is
that the plaintiff is a member of a protected group.  See Ewald, 878 S.W.2d at 659.  Title VII, and hence the TCHRA, protects men
from prohibition of discrimination because of sex.  See Oncale, 523 U.S. at 78.  The second element requires proof that the
plaintiff was subject to unwelcome sexual harassment.  See Ewald, 87 S.W.2d at 659.  In this case, Willborn alleged no conduct of
the sort that has been held to satisfy this element, namely, sexual advances,
requests for sexual favors, or other verbal or physical conduct of a sexual
nature that is unwelcome.  Wyerick, 887
F.2d at 1274  Considering the record
before us and the facts alleged by Willborn, we conclude that Willborn has
failed to allege facts showing that he was subjected to a hostile work
environment.    

We
overrule Willborn's first issue on appeal. 


IV.  Conclusion 

We
affirm the judgment of the trial court.

ERRLINDA
CASTILLO

Justice

Memorandum Opinion delivered
and 

filed this 28th day of July,
2005.

 

 








 

 

 

 

 

 











[1] This is a memorandum opinion.  The parties are familiar with the facts.  We will not recite them here except as
necessary to advise the parties of our decision and the basic reasons for it.  See Tex.
R. App. P. 47.4. 





[2] Specifically, in his first issue,
Willborn asserts that the trial court erred in finding that Willborn failed to
state a cognizable cause of action under the Texas on Human Rights Act  or Title VII of the Civil Rights Act of 1964,
as amended, for gender based harassment and a sexually hostile work environment
because (1) Willborn's pleading gave fair and adequate notice, (2) United
States Supreme Court precedent supported his claim, (3) employment decisions
cannot be predicated on mere "stereotyped" impressions about the
characteristics of males or females, and (4) standards of liability apply to
same-sex plaintiffs as they do opposite-sex plaintiffs.  In his second issue, Willborn asserts that
the trial court erred in denying his motion for summary judgment, in part,
because he did not seek an unauthorized advisory opinion, as Formosa asserted.





[3] Formosa's motion for partial
summary judgment states as grounds, in the first page, that Willborn's third
amended petition fails to state a cause of action for (1) gender based sexual
harassment and (2) sexually hostile work environment under, specifically, the
TCHRA .  Under the heading "Grounds
for Summary Judgment and Relief Sought," Formosa states that
"[Willborn]'s claim for same-sex harassment of an individual for his
failure to meet the male stereotype is not a cognizable cause of action under
Texas Labor Code Section 21.051 and consequently [Willborn's] claim against
[Formosa] for sexual harassment and hostile work environment should be
dismissed."  The motion does not
address Willborn's cause of action for gender discrimination or mention
Willborn's cause of action under Title VII until the second page of the motion,
when it is mentioned only in reference to the origins of the TCHRA. 





[4] Texas Civil Practice and Remedies
Code section 37.004 states:

 

Subject Matter of Relief 

 

(a) A person interested under a
deed, will, written contract, or other writings constituting a contract or
whose rights, status, or other legal relations are affected by a statute,
municipal ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance,
contract, or franchise and obtain a declaration of rights, status, or other
legal relations thereunder.

 

Tex.
Civ. Prac. & Rem.
Code Ann. ' 37.004 (Vernon 1997).

 





[5] On December 3, 2003, Willborn
filed his last live pleadingBhis fourth amended original 
petition.  This amended version
included the same causes of action as did his third amended petition: gender discrimination,
sexual harassment, and sexually hostile environment in violation of the TCHRA
and Title VII.  On December 4, 2003, the
trial court struck the petition based on Formosa's motion on the ground of
surprise.