In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00424-CV
_____

CONROE INDEPENDENT SCHOOL DISTRICT, Appellant

V.

MARIA OSUNA, Appellee

On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 22-08-10316-CV

**MEMORANDUM OPINION**

The Conroe Independent School District (the District) appeals from the trial court's ruling denying its plea to the jurisdiction. The District contends the trial court erred by refusing to dismiss the suit filed by its former employee for discharging her in response to her filing a worker's compensation claim for lack of jurisdiction. In her suit, Osuna claimed

she was fired by the District from her position as a custodian after she filed or instituted a worker's compensation claim that was instituted in good faith against the District after being injured on the job.[1]

Texas Labor Code section 451.001 prohibits employers from discriminating against employees for filing "a workers compensation claim in good faith" or for instituting "in good faith a proceeding under [the Texas Workers Compensation Act]."[2] Nonetheless, the doctrine of "[g]overnmental immunity generally deprives a trial court of subject-matter jurisdiction over suits against the government unless the state consents to the suit."[3] Because school districts are local governmental entities of the state and not state agencies, the Legislature—except as to employees that Chapter 451 defines as *first responders*—has not waived the immunity that local governmental entities have to worker's-compensation-retaliatory-discharge claims or to claims employees may

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (authorizing interlocutory appeals from a trial court's denial of a plea to the jurisdiction).

[2] Tex. Lab. Code Ann. § 451.001.

[3] *See Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 96 (Tex. 2023); *see also Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex. 1987).

file against a local governmental entity alleging other discriminatory acts that allegedly violated section 451.001.[4]

In reaching its conclusion that the Legislature waived the District's immunity from suit, the trial court relied on a provision in Labor Code sections 504.002(10) and 504.002(a-1) that places a cap on the damages that a factfinder may award against "each person aggrieved by each single occurrence [for] a violation of" Chapter 451. But that provision limits the damages recoverable against employers that are not immune from suit. It is silent as to whether the Legislature also intended for it to operate as a waiver of governmental immunity. Those two sections are

---

[4]*See* Tex. Lab. Code Ann. § 451.0025 (Supp.) (providing that first responders, as defined by section 421.095 of the Government Code, "may sue the governmental entity" for relief provided by Chapter 451 and waiving and abolishing governmental immunity from suit to the extent of liability created by this chapter); *id.* § 451.001 (in addition to creating an action for retaliatory discharge, creating causes of action for discriminating against an employee who initiates in good faith a worker's compensation proceeding hires a lawyer to represent them on their claim, or testifies or is about to testified in a worker's compensation proceeding); but *see Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1 (Tex. 2000) (holding that "state agencies that violate the [Chapter 451] Anti-Retaliation Law[,] may be held liable for damages subject to the limits on damages in the Tort Claims Act"); *Dep't of Family & Protective Servs. v. Parra*, 503 S.W.3d 646, 658 (Tex. App.—El Paso 2016, pet. denied) (concluding that the Legislature waived the Department's immunity because the Texas Supreme Court had already decided the issue).

the sole sections Osuna pleaded to support her claim of waiver, and the trial court specifically cited them in its ruling as the source of the Legislatively required statutory waiver. That said, the trial court's Order denying the District's plea fails to refer to Labor Code section 504.002(c), which reflects the Legislature did not intend anything in section 504 to operate as a waiver, as it states:

> Neither this chapter nor Subtitle A authorizes a cause of action or damages against a political subdivision or an employee of a political subdivision beyond the actions and damages authorized by Chapter 101, Civil Practice and Remedies Code[, the Texas Tort Claims Act].[5]

Under the Tort Claims Act, the only waiver the Legislature created that applies to school districts of their immunity was to allow a claimant to file a claim against a school district for property damage, personal injury, or death when the claim arose from the district's employee's negligent operation or use of a motor-driven vehicle that resulted from an occurrence in which "the employee would be personally liable to the claimant according to Texas and law[.]"[6] We hold the trial court erred by

---

[5]Tex. Lab. Code Ann. § 504.002(c) (Supp.).
[6]Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *id.* § 101.051 (exempting school districts from all provision in the Tort Claims Act "[e]xcept as to motor vehicles").

implying that the Legislature waived the immunity of the District to Osuna's retaliatory discharge claim. We sustain the District's sole issue, grant the District's plea to the jurisdiction, and render an order dismissing Osuna's suit.[7]

## Background

In August 2018, the District hired Osuna as a custodian. According to the allegations in Osuna's petition, in August 2020, she was in the library while others were spraying it with a chemical disinfectant when she was sprayed in the face. She alleged that because she inhaled the spray, she began feeling sick. Three days later, the District sent her home "until she could provide documentation from a medical provider that [her] symptoms were not related to Covid-19."

Six days after the incident, Osuna's petition states that she saw a doctor, who told her she did not have Covid. The doctor, however, did not release Osuna to return to work. Osuna claims that the day after she saw the doctor, the District placed her on "worker's compensation leave," and two days after that, the District "provided [her] with worker's

---

[7]Tex. R. App. P. 43.2(c).

compensation leave paperwork based on her work-related injury." According to Osuna's petition, this was paperwork that she "never signed[.]"

Osuna alleged that on August 17, 2020, she was released to return to work "without restrictions provided that she not have direct exposure to Quat 256, one of the hazardous chemicals [] in the e-mist used by [the District], and other hazardous chemicals." When Osuna gave the release to the District, she claimed, the District demanded that she "have her doctor's note modified to change or remove the language concerning Quat 256 in order to return to work." Osuna claims that when she refused, the District threatened to fire her. Subsequently, and despite having a note from her doctor releasing her "to return to work," Osuna alleged that on August 13, 2020, the District "illegally terminated [her] from her position as a [c]ustodian, almost immediately after she [had] engaged in protected activity by reporting a workers' compensation injury." Osuna claimed that the District's conduct violated "Chapter 451 of the Texas Labor Code."

For convenience, we will refer to claims by employees alleging violations arising under Chapter 451 whether the claims are for

6

discrimination or they are based on a theory of a retaliatory termination as Chapter 451 retaliation claims.[8] After the District was served with Osuna's suit, it filed an answer, alleged the trial court lacked subject-matter jurisdiction over Osuna's Chapter 451 retaliation claims, and that the District was "entitled to governmental immunity from the suit." Two months later, the District filed a plea to the jurisdiction. In its plea, the District alleged that it was "entitled to governmental immunity absent a clear and unambiguous statutory waiver of such immunity."[9] Furthermore, the District pointed out that in *Travis Central Appraisal District v. Norman*, 342 S.W.3d 54, 58-59 (Tex. 2011), the Supreme Court of Texas held that the Legislature had not waived governmental immunity that political subdivisions have to an employee's suit alleging a Chapter 451 retaliation claim.

When Osuna filed a response, she claimed that in Labor Code section 504.002, the Legislature waived a school district's immunity from

---

[8]Tex. Lab. Code Ann. § 451.001.
[9]*See id.* ch. 504 (Workers Compensation insurance covrage for employees of Political Subdivisions); *id.* § 504.002(a)(1)-(10) (Specifying the provisions the Texas Workers' Compensation Act that the Legislature made applicable to the political subdivisions of the state).

suit.[10] She argued that because section 504.002(10) creates a $100,000 limit on a person's recovery on Chapter 451 retaliation claims, it would not make sense for the Legislature to have created a damage cap unless it had intended to also waive governmental immunity. The trial court agreed with Osuna and denied the District's plea. After that, the District filed a timely notice of appeal.

## Standard of Review and Applicable Law

Subject-matter jurisdiction is essential to a court's authority to decide a case and is never presumed.[11] Governmental entities may challenge a trial court's authority to determine whether the court has subject-matter jurisdiction over a case by filing a plea to the jurisdiction.[12] Unless waived by the Legislature, the doctrine of governmental immunity generally protects political subdivisions of the state from suit.[13] So that the state may maintain its authority to manage the fiscal affairs of the state, the Texas Government Code provides that

---

[10]*Id.* § 504.002(10), (a-1)

[11]*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993).

[12]*See Harris Cnty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018).

[13]*Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011); *Hopkins*, 736 S.W.2d at 619.

"a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."[14]

We apply a de novo standard to appeals from rulings on pleas to the jurisdiction.[15] Here, the question of whether the trial court possessed subject-matter jurisdiction over Osuna's Chapter 451 retaliation claim was decided based on her pleadings. Consequently, in reviewing the trial court's ruling, we accept as true the factual allegations in Osuna's petition to determine whether she met her burden to affirmatively demonstrate that a waiver existed to the District's governmental immunity from suit on her Chapter 451 retaliation claim.[16]

"Because the Legislature is better suited to balance the conflicting policy issues associated with waiving immunity, we look to pertinent legislative enactments to determine the extent to which immunity has been voluntarily relinquished."[17] We interpret statutory waivers of immunity narrowly, since the Legislature's intent to waive immunity

---

[14]Tex. Gov't Code Ann. § 311.034.

[15]*Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004).

[16]*Id.* at 224.

[17]*Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008).

must be "clear and unambiguous."[18] That said, the clear and unambiguous standard isn't to be applied "mechanically to defeat the law's purpose or the Legislature's intent."[19] Rather, "when a waiver of immunity has been necessary to make sense of a statute, [the Supreme Court of Texas has] held it to be clear and unambiguous."[20] To that end, it is the Legislature's intent that "remains the polestar of statutory construction."[21]

## Analysis

Labor Code section 451.002 provides the remedy of "reasonable damages" against a person who discriminates or discharges an employee who files or institutes a workers' compensation claim.[22] Section 451.001 states:

> A person may not discharge or in any other manner discriminate against an employee because the employee has:
>
> (1) filed a workers' compensation claim in good faith;
> (2) hired a lawyer to represent the employee in a claim;

---

[18]*See* Tex. Gov't Code Ann. § 311.034; *Garcia*, 253 S.W.3d at 655.

[19]*Norman*, 342 S.W.3d at 58 (citing *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000)).

[20]*Id.* (citing *City of LaPorte v. Barefield*, 898 S.W.2d 288, 291-92 (Tex. 1995)).

[21]*Id.* (citing *Barefield*, 898 S.W.2d at 292).

[22]Tex. Lab. Code Ann. § 451.002(a).

(3) instituted or caused to be instituted in good faith a proceeding under [the Texas Workers' Compensation Act]; or

(4) testified or is about to testify in a proceeding under [the Texas Workers' Compensation Act.]"[23]

In the trial court, Osuna relied solely on section 504.002(10) and section 504.002(a-1) to support her claim that the Legislature waived the District's immunity to her suit, a Chapter 451 retaliation claim.[24] As for Chapter 451 retaliation claims, the District argued the Legislature waived governmental immunity that *political subdivisions* have from these types of claims only for *first responders*.[25] And the District concluded, *first responders* do not include employees working for a school district in a jobs as custodians and doing the work that Osuna was doing when she claims her injury occurred.[26] We note that under the Labor Code, political subdivisions by definition include school districts.[27]

---

[23]*Id.* § 451.001.

[24]*Id.* § 504.002(10), which in turn relies on section 504.002(a-1) limiting a governmental unit's liability "under Chapter 451" to $100,000 "for each person aggrieved[.]"

[25]*Id.* § 451.0025 (Waiver of immunity; Permission for First Responders to Sue).

[26]Tex. Gov't Code Ann. § 421.095(1) (defining *first responder*).

[27]Tex. Lab. Code Ann. § 504.001(3) (Supp.) ("'Political subdivision' means a county, municipality, special district, school district, . . .").

Before Chapter 451 was amended in 2017 to allow first responders to sue governmental entities for violating their rights under Chapter 451, the Texas Supreme Court decided in *Norman* that local political subdivisions were immune from Chapter 451 retaliation claims.[28] In *Norman*, the Supreme Court held that as to the Chapter 451 retaliation claim filed by an employee of a tax appraisal district, Chapter 451 did not provide the Legislature's "consent by waiving the government's immunity" from the employee's suit.[29]

In 2017, which was after the Texas Supreme Court decided *Norman*, the only change relevant to whether Chapter 451's immunity provision changed in some way to reach political subdivision is that in 2017, the Legislature waived sovereign and governmental immunity of "a state or local governmental entity that employs the first responder" to

---

[28]*Norman*, 342 S.W.3d at 59 (dismissing a former employee's suit against a tax appraisal district alleging a retaliation claim for alleged violations of the employee's rights under Chapter 451 for lack of jurisdiction); Tex. Tax Code Ann. § 6.01(c) ("An appraisal district is a political subdivision of the state.").

[29]*Norman*, 342 S.W.3d at 55, 59.

12

the first responder's suit alleging the governmental entity violated their rights under Chapter 451.[30]

Osuna did not affirmatively plead that the first responder-waiver provision of section 451.0025 applied to her. Moreover, even if she had done so, she did not plead facts showing that she was performing work as a first responder as that term is defined by Government Code section 42.095(1).[31] Thus, Osuna failed to affirmatively plead a valid statutory waiver and failed to affirmatively plead facts sufficient to demonstrate

---

[30]Tex. Lab. Code Ann. § 451.0025(b) (waiving governmental entity for first responders who allege a violation of section 451.001); *id.* § 451.002(b) (defining *first responder* as having "the meaning assigned by section 421.095, Government Code); Tex. Gov't Code Ann. § 421.095 (defining *first responder* as meaning "a public safety employee or volunteer whose duties include responding rapidly to an emergency[,]" which "term" includes: "(A) a peace officer whose duties include responding rapidly to an emergency; (B) fire protection personnel under [Government Code] section 419.021; (C) a volunteer firefighter who is: (i) certified by the Texas Commission on Fire protection or by the State Firemen's and Fire Marshalls' Association of Texas; or (ii) a member of an organized volunteer fire-fighting unit as described by section 615.003; (D) an individual certified as an emergency medical services personnel by the Department of State Health Services; (E) an emergency response operator or emergency services dispatcher who provides communication support services for an agency responding to requests for assistance in emergencies; and (F) other emergency response personnel employed by an agency."

[31]Tex. Gov't Code Ann. § 421.095.

that a valid statutory waiver of immunity existed to avoid a ruling granting the District's plea.

As the trial court saw it, the Legislature couldn't have possibly desired to cap the damages of a political subdivision at $100,000 if a political subdivision were to be sued by an employee on a Chapter 451 retaliation claim. If so, a statute capping the damages in the trial court's words would be "rendered meaningless." We disagree.

When the Legislature amended section 451.0025 in 2017, the Legislature gave first responders permission to sue local political subdivisions for money damages on claims that were not actionable by any employees before September 1, 2017.[32] Because the Legislature created a new financial exposure to claims that did not previously exist to a limited group, first responders, the Legislature wanted to cap the exposure that governmental entities (i.e., the taxpayers) might face should a local governmental entity be sued and end up as a non-

---

[32]Act of May 24, 2017, 85th Leg., R.S., ch. 810, §§ 1-2, 2017 Tex. Gen. Laws 3149, 3149 (codified at Tex. Lab. Code Ann. § 451.0025(a)-(c), § 504.002(10), (a-1)).

prevailing party on a Chapter 451 retaliation or Chapter 451 discrimination suit filed against it by a first responder.[33]

When section 451.0025 (the waiver) and sections 504.002(10) and 504.002(a-1) (the damage caps) were passed, they were part of the same bill, House Bill 451.[34] The Bill's caption makes it clear that the waiver is limited to *first responders*, a class the Legislature chose to define so that it would be clear as to whom the Legislature's waiver of governmental waiver of immunity applied. The Bill is entitled "AN ACT relating to waiver of immunity in certain employment discrimination actions in connection with a workers' compensation claim."[35] In our opinion, the adjective "certain" is in the Bill's caption as a word of limitation regarding the scope of the term it defines, "employment discrimination actions." Had the Legislature intended the waiver to be broadly applied to *all* state and local government employees, as Osuna claims, the Bill's caption would have indicated that it was going to apply to all employment

---

[33]Tex. Lab. Code Ann. § 451.0025(a)-(c); *id*. § 504.002(10), (a-1)).
[34]Act of May 24, 2017, 85th Leg., R.S., ch. 810, §§ 1-2, 2017 Tex. Gen. Laws 3149, 3149 (codified at Tex. Lab. Code Ann. § 451.0025(a)-(c); *id*. § 504.002(10), (a-1)).
[35]*Id*., caption at 3149.

discrimination actions or there would have been a waiver giving a broader group of employees the Legislature's permission to sue political subdivisions on Chapter 451 claims than the much more limited group the Legislature chose.[36]

To be fair, read in isolation, no express statement in sections 504.002(10) or 504.002(a-1) limits the damages recoverable on a "political subdivision's liability under Chapter 451" to first responders.[37] But that said, section 504.002(c) provides: "Neither this chapter nor Subtitle A authorizes a cause of action or damages against a political subdivision or an employee of a political subdivision beyond the actions and damages authorized by Chapter 101, Civil Practice and Remedies Code."[38] And finally, Labor Code section 504.053(e) states:

> Nothing in this chapter [(a reference to Chapter 5)] waives sovereign immunity or creates a new cause of action, except that a political subdivision that self-insures either individually or collectively is liable for . . . [various administrative penalties, sanctions made enforceable before the workers' compensation division of the Texas Department of Insurance, and attorney's fees for representing the worker's compensation claimant on their compensation claim, as authorized by Labor Code section 408.221, or for representing

---

[36]*Id*.; Tex. Lab. Code Ann. § 451.001.
[37]*Id*. § 504.002(10), (a-1)
[38]*Id*. § 504.002(c).

16

the insurer's interest in a third-party action, as authorized by Labor Code section 417.003]".[39]

After reviewing Osuna's pleadings, the District's plea to the jurisdiction, Osuna's response, and the District's brief, we conclude the District has established that the trial court lacked subject-matter jurisdiction over Osuna's suit, which asserts only a Chapter 451 claim. The statutes and caselaw offer no support for the trial court's ruling denying the District's plea, as the Legislature has not waived the immunity of a political subdivision as against this former employee's retaliatory discharge claim under Chapter 451.[40]

---

[39] *Id.* § 504.053(e) (Supp); *id.* §§ 408.221(c), 417.003.

[40] *Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 532 (Tex. 2012) (concluding that the provisions in Chapter 504 of the Labor Code are too "'internally inconsistent' to meet the standard of a clear and unambiguous waiver of immunity"); *Norman*, 342 S.W.3d at 59 (holding that Chapter 504 did not waive the appraisal district's governmental immunity from its former employee's Chapter 451 retaliatory discharge claim); *see also* Tex. Lab. Code Ann. § 504.053(e) ("Nothing in this chapter waives sovereign immunity or creates a new cause of action…"); *Ellis v. Dallas Area Rapid Transit*, No. 05-18-00521-CV, 2019 WL 1146711, at *3 (Tex. App.—Dallas Mar. 13, 2019, pet. denied) (mem. op.) (rejecting the governmental employee's argument that section 504.002(a-1) contained a waiver that met the clear and unambiguous standard to prevent the dismissal of his suit, which was based on his Chapter 451 retaliation claims); *City of Corpus Christi v. Nickerson*, No. 13-22-00040-CV, 2024 WL 48181 (Tex. App.—Corpus Christi–Edinburg Jan. 4, 2024) (pet. filed).

## Conclusion

We hold the trial court erred in denying the District's plea to the jurisdiction, so we reverse the trial court's Order, grant the District's plea to the jurisdiction, and dismiss Trial Court Cause Number 22-08-10316-CV for lack of jurisdiction.

REVERSED AND RENDERED.

HOLLIS HORTON
Justice

Submitted on August 21, 2023
Opinion Delivered May 23, 2024

Before Horton, Johnson and Wright, JJ.

18